Cynthia **HAGANS**, Plaintiff-Appellee,

v.

George K. **WYMAN**, Defendant-Appellant.

No. 443, Docket 72-2175.

United States Court of Appeals,
Second Circuit.

Argued Nov. 30, 1972.

Decided Jan. 8, 1973.

Michael Colodner, Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for appellants.

Carl Jay Nathanson, Hempstead, N. Y., for appellees.

Before FRIENDLY, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

HAYS, Circuit Judge:

The State of New York appeals from an order of the United States District Court for the Eastern District of New York permanently enjoining the enforcement or implementation of Section 352.7 (g)(7) of Title 18 of the New York Code of Rules and Regulations,[1] a regulation permitting the state to recoup advance payments for rent from subsequent grants under the Aid to Dependent Children Program (ADC). In issuing the injunction the District Court held that the New York regulation violated the Social Security Act, 42 U.S.C. § 601 et seq., and the regulations promulgated thereunder. We find that the District Court did not have jurisdiction to reach the pendent statutory claim because no substantial constitutional claim was presented by the facts of this case. We therefore remand the case with instructions to dismiss for want of jurisdiction.

The plaintiffs in this action are all recipients of aid under the ADC Program. Under this program the plaintiffs receive monthly grants to pay for shelter, fuel, and other necessities. The plaintiffs spent the portion of the grant designated for shelter for some other purpose and were therefore unable to pay their rent. When they were threatened with eviction, the New York State Department of Social Services paid their rent and deducted the amount advanced from later grants made under the ADC Program. Plaintiffs objected to the recoupment, claiming that the regulation authorizing the recoupment violated the equal protection clause of the 14th Amendment and contravened the provisions of the Social Security Act, 42 U.S.C.

---

1. 18 NYCRR 352.7(g)(7) states as follows:

"(g) *Payment for services and supplies already received.* Assistance grants shall be made to meet only current needs. Under the following specified circumstances payment for services or supplies already received is deemed a current need:

\* \* \* \* \*

"(7) For a recipient of public assistance who is being evicted for nonpayment of rent for which a grant has been previously issued, an advance allowance may be provided to prevent such eviction or rehouse the family; and such advance shall be deducted from subsequent grants in equal amounts over not more than the next six months. When there is a rent advance for more than one month, or more than one rent advance in a 12 month period, subsequent grants for rent shall be provided as restricted payments in accordance with Part 381 of this Title".

§ 601 et seq. and the regulations promulgated thereunder. The District Court agreed with plaintiffs' second contention and found that 18 NYCRR 352.7(g)(7) violated the Social Security Act and the regulations promulgated under the Act, and permanently enjoined the enforcement of the regulation. This court granted a stay of the District Court's order and set an expedited appeal schedule. The case was argued on April 7, 1972, and the stay was continued pending the decision of the panel. On June 15, 1972 this court, 2 Cir., 462 F.2d 928, vacated the order of the District Court and remanded the case to determine whether under the state procedure plaintiffs were entitled to a notice and hearing. With the consent of the parties, hearings on remand were adjourned until October 6, 1972. At this time, plaintiffs moved to permit certain additional persons to intervene as plaintiffs. Several of these intervenors had had state hearings.[2] On October 19th, the District Court again permanently enjoined the enforcement of 18 NYCRR § 352.7(g)(7). This court stayed the injunction for the second time and heard oral argument on November 30.

■■ Plaintiffs advance 28 U.S.C. § 1343(3) as the primary basis for jurisdiction in this case.[3] This section provides:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States".

To establish jurisdiction under this statute, a substantial constitutional claim must be advanced. E. g., Almenares v. Wyman, 453 F.2d 1075, 1082 (2d Cir. 1971), cert. denied, 405 U.S. 944, 92 S. Ct. 962, 30 L.Ed.2d 815 (1972). Plaintiffs clearly fail to meet this standard.

Plaintiffs claim that they were denied equal protection of the laws because the recoupment of advances resulted in a lower grant of assistance than that available to other welfare recipients.

■ Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970) provides the guidelines for evaluating equal protection claims in social welfare cases.

"A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." (Quoting McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105 (1961)).

The regulation in question, 18 NYCRR § 352.7(g)(7), has a rational basis. Since the state has a limited amount of funds available to allocate to welfare recipients, the recoupment regulation is reasonably designed to ensure that there are sufficient funds available to all recipients on the level set by the state legislature. By receiving the advance payment plaintiffs have gotten more than the normal grant. Without the recoupment regulation, the plaintiffs would be in a preferred position over all the other welfare recipients who have paid their full rent out of the normal grant. The purposes of equal protection are served by treating all alike without granting

---

2. The five original plaintiffs had never requested hearings.

3. Plaintiffs also assert 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 1983 as bases for jurisdiction. However, it is well settled that 28 U.S.C. §§ 2201 and 2202, providing for declaratory judgments, cannot be used as a basis for jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671–672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Section 1983 is implemented by Section 1343, and no separate jurisdictional claim can be advanced on the basis of § 1983 alone. See Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). See Note, Federal Jurisdiction Over Challenges to State Welfare Programs, 72 Colum.L.Rev. 1404, 1407 (1973).

special favor to those who have misappropriated their rent allowance. If there were no recoupment provision, there would be a disincentive for welfare recipients to manage their grants so as to have funds available to pay their rent each month. The recoupment provision encourages proper money management, an entirely acceptable, if incidental, purpose of the welfare legislation.

No doubt there are other ways in which the state could accomplish the ends served by the use of the recoupment regulation. However it is not for us to evaluate the wisdom of the state's choice of means. If these means are rationally related to a proper end, as they are in this case, we have no power to go further.

Because no substantial constitutional claim was presented, the district court was without jurisdiction to consider the statutory claim urged by plaintiffs. We therefore remand this case with instructions to dismiss for want of jurisdiction.