**Cynthia HAGANS, for herself and her two infant children, Kimberly and Korey, et al., Plaintiffs-Appellees,**

**v.**

**George K. WYMAN, as Commissioner of the New York State Department of Social Services, Defendant-Appellant.**

**No. 72 C 182.**

United States District Court, E. D. New York.

July 28, 1975.

Leonard S. Clark, Nassau County Law Services Committee, Inc., Hempstead, N. Y., for plaintiffs.

Jesse J. Fine, Asst. Atty. Gen., Dept. Law, State of New York, New York City, for defendant.

MEMORANDUM OF DECISION

MISHLER, Chief Judge.

This action was commenced in February, 1972, when certain recipients of

grants under the Aid to Families with Dependent Children Program (AFDC), 42 U.S.C. § 601 *et seq.*, sought a determination of the validity of Section 352.7 (g)(6) of Title 18 of the New York Code Rules and Regulations (NYCRR) under which an advance allowance made to a recipient to prevent eviction for non-payment of rent could be deducted from subsequent grants.[1] In a memorandum of decision and order filed March 3, 1972, this court held that § 352.7(g)(6) was in violation of plaintiffs' rights to equal protection of the law and that it also contravened § 402(a)(7) and (a)(10) of the Social Security Act, 42 U.S.C. § 602(a)(7) and (a)(10), and the regulations promulgated thereunder, 45 C.F.R. § 233.20(a). Having found the New York regulation void, the court permanently enjoined the defendant from attempting to recoup duplicate payments.[2] Defendant appealed to the Second Circuit Court of Appeals; that court remanded the matter to the district court to determine the applicability of the recoupment procedures of the "fair hearing" requirement in 18 N.Y. C.R.R. § 351.26. *Hagans v. Wyman,* 462 F.2d 928 (2d Cir. 1972). In passing, the Court of Appeals stated that the district court did have jurisdiction over the action under 28 U.S.C. § 1343(3).[3] This court then permitted additional plaintiffs to enter the action, including some AFDC recipients who had been accorded a "fair hearing" under the New York regulation. After reconsideration of the issues in light of the Court of Appeals' instructions on remand, this court rendered a judgment identical to the one previously entered and enjoined the defendant from enforcing the recoupment provision. (See memorandum of decision and order dated October 19, 1972).

This judgment, as well, was appealed to the Second Circuit. The court discussed the purposes of New York's recoupment provision and found that the regulation had a rational basis. Therefore, under the principle enunciated in *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970), that "[a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it," the court determined that the plaintiffs had not presented a substantial constitutional claim. Since the constitutional claim was insufficient, the district court's jurisdiction to hear the statutory claim could not be sustained under the theory of pendent jurisdiction. The Court of Appeals again remanded the action, this time with instructions to dismiss for lack of jurisdiction. *Hagans v. Wyman,* 471 F.2d 347 (2d Cir. 1973). The United States Supreme Court then granted certiorari to consider the jurisdictional issue. *Hagans v. Lavine,* 412 U.S. 938, 93 S.Ct. 2784, 37 L.Ed.2d 396 (1973).[4] The

1. Section 352.7(g)(6) stated at the time:
   For a recipient of public assistance who is being evicted for nonpayment of rent for which a grant has been previously issued, an advance allowance may be provided to prevent such eviction or rehouse the family; and such advance shall be deducted from subsequent grants in equal amounts over not more than the next six months. When there is a rent advance for more than one month, or more than one rent advance in a 12 month period, subsequent grants for rent shall be provided as restricted payments in accordance with Part 381 of this Title.

2. In a subsequent memorandum of decision and order (March 14, 1972), the court found that the plaintiffs were not entitled to retroactive restoration of the recoupments which had been made by the state.

3. 28 U.S.C. § 1343(3) states:
   The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

   . . . . .

   (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

4. Lavine replaced Wyman as the Commissioner of Social Services on May 1, 1972, and was substituted for Wyman in the proceedings before the Supreme Court.

Supreme Court held that the district court did have jurisdiction under 28 U.S.C. § 1343(3) and the pendent jurisdiction theory to consider the challenge to the state regulation. The Court stated that plaintiffs' constitutional claim could not be described as being totally without merit, and where the constitutional claim is sufficient to sustain federal jurisdiction, the district court may also hear any pendent claims based on state law. The district court may in fact decide those statutory claims before, and possibly without, reaching the constitutional claim. The Court reversed the decision of the Court of Appeals and remanded the action "for further proceedings consistent with this opinion." *Hagans v. Lavine,* 415 U.S. 528, 550, 94 S.Ct. 1372, 1386, 39 L.Ed. 2d 577 (1974).

On April 24, 1974, the Second Circuit vacated its judgment and then directed the parties to file additional briefs addressed to the statutory claim. The Court of Appeals subsequently vacated the judgment of the district court on October 23, 1974, with no further instructions to the district court. Finally, on February 25, 1975, the Court of Appeals directed this court "to reconsider the issues in the case on the merits, in light of the applicable regulations, as amended."

This court has twice previously held that the original New York recoupment regulation was void. The question to be answered now is whether the amendments which have been made since the date of the court's last decision have done anything to correct that invalidity. The present New York provision relating to recoupment is to be found in 18 N.Y.C.R.R. § 352.7(g)(7) which states:

For a recipient of public assistance who is being evicted for nonpayment of rent for which a grant has been previously issued, an advance allowance may be provided upon request to prevent eviction or to rehouse the family. Such an allowance may be provided only where the recipient has made a request in writing for such an allowance, and has also requested in writing that his grant be reduced in equal amounts over the next six months to repay the amount of the advance allowance. When there is a rent advance for more than one month, or more than one rent advance in a 12-month period, subsequent grants for rent shall be provided as restricted payments in accordance with Part 381 of this Title.

The State argues that the added requirement that the recipient consent in writing to recoupment of an advance allowance eliminates whatever deficiencies there were in the original regulation. Recoupment should be permitted under this provision because, according to the State, it is now clearly voluntary. But the real voluntariness of any recipient's consent is questionable. It is true that a consent given under this regulation would probably be a knowing consent, that is, the person giving it would know the consequences of consenting. There is a difference, however, between a knowing consent and a voluntary consent; the latter implies something more than mere knowledge of the consequences. Here, the circumstances surrounding the giving of the consent make the consent involuntary. The recipient is ostensibly given a choice, but it is a choice between consenting to the recoupment and being evicted. There is nothing more than a Hobson's choice. The recipient is forced by his situation to agree to the recoupment.

The basic purpose of the AFDC program has not changed. As stated in 42 U.S.C. § 601, the program is intended to support and maintain family life and encourage the raising of dependent children in their own homes. The recoupment provision violates this purpose by reducing in a given month the living allowance available to a grant recipient. It in effect punishes the dependent children for the mismanagement of funds by their parents who are actually little more than disbursing agents under this program.

The recoupment provision also appears to violate the most recent regulations promulgated by the Department of Health, Education and Welfare (HEW) to effectuate the goals of the AFDC program, that is 45 C.F.R. § 233.20(a). The specific section, 45 C.F.R. § 233.20(a)(12)(i)(a), prohibits recoupment of overpayment unless there is income currently available exclusive of the current assistance payment.[5] Only where the overpayment was caused by the recipient's willful withholding or misstating of income and resources may a state recoup an overpayment. According to a Program Instruction issued by HEW (APA–PI–75–11, December 2, 1974), this regulation prohibiting recoupment applies only to involuntary reduction of future grants. Voluntary recoupment is permissible so long as the state has some procedures to ensure that a recipient's permission for the reduction has not been coerced. Defendant here argues that in light of this Program Instruction, the New York recoupment regulation is not in violation of 45 C.F.R. § 233.20(a) because the recoupment is alleged to be voluntary. However, were the recoupment in fact voluntary, the state has given no evidence of the existence of any procedures which would ensure that consent to the recoupment was freely given other than the fact that it must be in writing. In any case, as stated previously, the consent to recoupment under the New York regulation cannot be said to be voluntary, and the regulation therefore does conflict with 45 C.F.R. § 233.20(a)(12)(i)(a).

■ The opinion of the federal agency authorized to administer a certain program must certainly be given weight by a district court dealing with particular problems under that program.

Rosado v. Wyman, 397 U.S. 397, 406, 90 S.Ct. 1207, 1215, 25 L.Ed.2d 442 (1970); Zemel v. Rusk, 381 U.S. 1, 11, 85 S.Ct. 1271, 1278, 14 L.Ed.2d 179 (1965). Pursuant to this court's request, HEW submitted a memorandum as amicus curiae when the action was first remanded by the Second Circuit and again on this remand. In its first memorandum, HEW stated categorically that the recoupment regulation violated federal requirements because it assumed that the recipient had income available out of which the recoupment payment may be taken when there was in fact no income available in excess of the regular monthly payment. HEW was somewhat less decisive in its most recent memorandum. There it stated that there were a number of preliminary decisions which must be made by the court and that HEW could only suggest the "relevant considerations" which would have to be part of any ultimate conclusion.

As a first consideration, according to HEW, the court must determine whether the advance allowance is a payment to meet a current need or an overpayment. If the payment is made to satisfy a current need, then recoupment would not be permissible, because it would be part of a properly paid AFDC grant. If, on the other hand, the advance allowance is an overpayment, then recoupment is allowed under certain circumstances. If the overpayment and consequent recoupment is consented to by the recipient, then the recoupment is in all likelihood permissible, or, in any case, not covered by the federal regulations. Should the overpayment be considered involuntary, however, it may not be recovered except in the event that the overpayment was caused by the recipient's own willful misrepresentation. Finally, HEW suggests that the possible conflict between the state and federal regula-

---

5. This regulation is identical to the one in existence at the time of the court's original decision. At the urging of welfare agencies of various states, the regulation was changed, effective October 15, 1973, to permit recoupment from currently available income or from current assistance payments. That provision was held invalid by the District of Columbia District Court in National Welfare Rights Organization v. Weinberger, 377 F.Supp. 861 (D.D.C.1972). The current regulation became effective July 10, 1974.

tions might be avoided if the overpayment were recovered under New York's "prior month budgeting" system of allocating AFDC grants. Under this system, an overpayment in the budget month would reduce the grant in the payment month by an equivalent amount. However, the prior month budgeting concept would not permit extending the reduction over a six month period as the New York recoupment regulation does; the reduction can only be made in the payment month.

In reply to this memorandum from HEW, the state has argued that the rent advanced to prevent eviction has always been considered an overpayment because it is not specifically included in the definition of items of need in § 131-a of the Social Services Law. However, that definition does include an allowance for shelter. The advance given to prevent immediate eviction could well be considered an element in the shelter allowance. It is hard to imagine how that payment could be said to be one in excess of the recipient's needs such as would permit recoupment according to § 106-b of the Social Services Law. Prevention of eviction is in a very practical sense a current need. The state has also responded to another point in the HEW memorandum and argued that the reduction in the grant because of the advance allowance is totally voluntary. The court has already discussed this position taken by the state. From all of the circumstances surrounding the consent to the recoupment, particularly the lack of any true choice, the consent cannot be held to be voluntary.

The language of the state's recoupment regulation has been changed since this court's original decision; the effect of the regulation, however, has not been altered. A monthly grant is still being reduced even though the recipient has no income available beyond that current grant.[6] The recoupment procedure is being used to teach proper management of funds; its result is to punish dependent children for allocation errors made by those who are responsible for raising them. The recoupment provision, as it exists now, continues to contravene the intention and the language of the AFDC program as stated in the Social Security Act, 42 U.S.C. § 601 et seq., and the regulations promulgated thereunder, 45 C.F.R. § 233.20(a). The court has not been persuaded by any reason not to adhere to its original decision. Accordingly, a permanent injunction may again issue enjoining the defendants from attempting to recoup any advance allowance made to prevent eviction under 18 N.Y.C.R.R. § 352.7 (g)(7).

A judgment has this day been entered simultaneously with a filing of this memorandum of decision enjoining the defendant from attempting to recoup duplicate payments from AFDC benefit payments as mandated under 18 N.Y. C.R.R. 352.7(g)(7).

### JUDGMENT

The court having reconsidered the issues on the merits in the light of the regulations as amended, as directed in the order of the Second Circuit Court of Appeals dated February 25, 1975, and the court having filed a memorandum of decision stating its findings of fact and conclusions of law,

Now therefore, it is

Ordered that 18 N.Y.C.R.R. § 352.7 (g)(7) as amended contravenes 42 U.S. C. § 602(a)(7) and (a)(10) and 45 C.F.R. § 233.20(a), and 18 N.Y.C.R.R. 352.7(g)(7) is declared to be null, void and of no effect, and it is further

Ordered that defendant, George K. Wyman, or his successors, as Commissioner of the New York State Depart-

---

6. The state points out that the effect of the recoupment provision is softened by 18 N.Y. C.R.R. § 352.31(d)(4) which limits the monthly deduction to no more than 10% of the household needs. Yet, a limitation on the amount of the recoupment does not eliminate its basic invalidity.

ment of Social Services, his agents and employees and all persons in active concert and participation with him are restrained and enjoined from enforcing and implementing 18 N.Y.C.R.R. § 352.-7(g)(7), as amended, and it is further

Ordered that defendant shall reimburse recipients of AFDC benefits with sums disbursed by them from benefit payments on and after July 1, 1975, and it is further

Ordered that the directions of this judgment and the enforcement of the same is stayed until September 8, 1975 to afford the defendant an opportunity to apply for a further stay from the Second Circuit Court of Appeals pending appeal.