527 F.2d 1151
 Cynthia HAGANS, for herself and her two infant children,
Kimberly and Korey et al., Plaintiffs-Appellees,
v.
George K. WYMAN, as Commissioner of New York State
Department of Social Services, and James M.
Shuart, as Commissioner of the Nassau
County Department of Social
Services,
Defendants-Appellants.
 No. 362, Docket 75--7458.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 24, 1975.
Decided Dec. 10, 1975.
 
 Jesse J. Fine, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for defendants-appellants.
 Carl J. Nathanson, Hempstead, N.Y. (Nassau County Law Services Committee, Inc.), for plaintiffs-appellees.
 Before LUMBARD, MULLIGAN and VAN GRAAFEILAND, Circuit Judges.
 MULLIGAN, Circuit Judge:
 
 
 1
 On February 10, 1972 the plaintiffs commenced this action in the United States District Court, Eastern District of New York, for themselves and their infant children and as representatives of those who are recipients of public assistance in New York under the cooperative federal-state Aid to Families with Dependent Children Program (AFDC), 42 U.S.C. § 601 et seq. The plaintiffs sought a declaration that section 352.7(g)(6) of Title 18 of the New York Code of Rules and Regulations (NYCRR), under which an advance allowance to a recipient to prevent eviction for nonpayment of rent could be deducted from subsequent grants over a six-month period, was unconstitutional under the Fourteenth Amendment's Equal Protection Clause and contrary to the provisions of the Social Security Act (§§ 402(a)(7) and (a)(10), 42 U.S.C. §§ 602(a)(7) and (a)(10)), as well as the regulations promulgated thereunder, 45 C.F.R. § 233.20(a).[1] In a memorandum of decision and order filed March 3, 1972, the court, Mishler, C.J., held that the constitutional claim was sufficiently substantial to confer pendent jurisdiction over the statutory claim, and that the regulation in issue contravened the Social Security Act as well as the regulations thereunder. On appeal, this court remanded for the reasons set forth in our opinion Hagans v. Wyman, 462 F.2d 928 (2d Cir. 1972). After reconsideration, Chief Judge Mishler rendered a judgment on October 19, 1972 identical to that previously entered which enjoined the defendants from recouping advance allowances made to the plaintiffs.
 
 
 2
 A second appeal was taken to this court, Hagans v. Wyman, 471 F.2d 347 (2d Cir. 1973), where we held that the plaintiffs had not presented a substantial constitutional claim since the regulation rested upon a rational basis. Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). We further held that the statutory claim could not be sustained under the theory of pendent jurisdiction. The matter was remanded with instructions to dismiss for lack of jurisdiction. The Supreme Court granted certiorari, Hagans v. Lavine, 412 U.S. 938, 93 S.Ct. 2784, 37 L.Ed.2d 396 (1973).[2] The Court held that the constitutional claim was not totally frivolous or insubstantial and was sufficient to confer jurisdiction on the district court over both the constitutional and statutory claims; the statutory claim was to be tried first and by a single judge. The Court remanded the case to this court. Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). In subsequent orders this court vacated its judgment as well as the judgment of the court below and finally on February 25, 1975 directed the district court to reconsider the issues on the merits in light of the amendments to the regulation in issue. Chief Judge Mishler, who had twice found section 352.7(g) (7)[3] void, again found the amended regulation to contravene the AFDC program as set forth in the Social Security Act and its regulations. His opinion and judgment of July 28, 1975 enjoined the defendants from attempting to recoup advance payments. This court on September 2, 1975 stayed the judgment of the district court pending a determination of this appeal by the defendants.
 
 
 3
 When this court remanded this case on February 25, 1975 to reconsider the issues in light of the amendments to the applicable regulations, we did not intend to foreclose consideration of the issue of mootness. It may well be that counsel and the court below considered that we had predetermined the mootness issue since there is no discussion of the question in the opinion now under review.
 
 
 4
 On September 24, 1974, the State of New York amended section 352.7(g)(7) to provide as follows:
 
 
 5
 For a recipient of public assistance who is being evicted for nonpayment of rent for which a grant has been previously issued, an advance allowance may be provided upon request to prevent eviction or to re-house the family. Such an allowance may be provided only where the recipient has made a request in writing for such an allowance, and has also requested in writing that his grant be reduced in equal amounts over the next six months to repay the amount of the advance allowance. When there is a rent advance for more than one month, or more than one rent advance in a 12-month period, subsequent grants for rent shall be provided as restricted payments in accordance with Part 381 of this Title.
 
 
 6
 Moreover, on December 2, 1974 HEW issued Program Instruction APA--PI--75--11,[4] implementing 45 C.F.R. § 233.20(a)(12), which in substance permits voluntary recoupment where state procedures assure that the consent of the AFDC recipient thereto is in fact obtained freely and without coercion. None of the named plaintiffs or the class certified below were subject to this amended procedure at the time the action was commenced or indeed when it was considered by the Supreme Court or this court in its prior decisions.
 
 
 7
 We believe a mootness issue has been created, not because of the lapse of the six-month recoupment period (which may be capable of repetition, yet evading review, Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)), but rather because of the change in the regulations, both state and federal, which now permit voluntary recoupment. Allee v. Medrano, 416 U.S. 802, 818, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974); Dunn v. Blumstein, 405 U.S. 330, 333 n. 2, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); Hall v. Beals, 396 U.S. 45, 48, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969).
 
 
 8
 Since that issue has not been considered below, we believe it is appropriate that we remand for further consideration. Indiana Employment Division v. Burney, 409 U.S. 540, 93 S.Ct. 883, 35 L.Ed.2d 62 (1973). The issue can be avoided if the court below permits the intervention of an AFDC recipient who is subject to the existing recoupment procedures.
 
 
 9
 We further note our disagreement with the holding below that all members of the existing class have perforce been coerced because their indigency compels their request for the shelter grant and their concomitant consent to recoupment. It may well be that some AFDC recipients are perfectly willing to avoid dispossession and accept the interest-free advance and consequent recoupment over the six-month period. We mote that the record before us gives no indication of what procedures, other than a writing, the state or any particular welfare district may have adopted in order to insure that there is no coercion. We make a point of this not only because it is in our view essential to a decision on the merits but also because it becomes important in determining the basis of possible intervention. As the Supreme Court recently pointed out in Sosna v. Iowa, supra, 419 U.S. at 403 n. 13, 95 S.Ct. 553, the class must be sufficiently 'homogeneous' to satisfy Fed.R.Civ.P. 23. The Sosna Court cited Phillips v. Klassen, 163 U.S.App.D.C. 360, 502 F.2d 362, 365--67, cert. denied, 419 U.S. 996, 95 S.Ct. 309, 42 L.Ed.2d 269 (1974) which pointed out that class members may exist whose interests are in fact antagonistic to those ostensibly representative and cannot properly be bound to an adjudication taken in their names. These issues in our view are properly to be determined by the court below after hearing the parties. Therefore, we vacate the judgment and remand for further proceedings consistent with this opinion.[5]
 
 LUMBARD, Circuit Judge (dissenting):
 
 10
 Regretfully, I must dissent.
 
 
 11
 The majority contends that revisions in New York State's recoupment regulation since the institution of this lawsuit have 'created' a mootness issue. In effect, those revisions require AFDC recipients who face imminent eviction to request in writing both additional aid to forestall eviction and subsequent reduction of their standard grants over the following six months. Previously, emergency aid was granted and recouped without prior written request. I do not believe that the additional requirement of a request constitutes a sufficiently substantial change in the regulations to deprive plaintiffs of their interest in the controversy or to question the continuing existence of the controversy.
 
 
 12
 As a general rule, a change in law pending appeal simply requires application of the new law to the appeal. See Fusari v. Steinberg, 419 U.S. 379, 387, 95 S.Ct. 533, 42 L.Ed.2d 521 (1975)[1]; Hamling v. United States, 418 U.S. 87, 102, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); Douglas v. Hampton, 512 F.2d 976, 988 (D.C.Cir.1975); 13 Wright, Miller & Cooper, Fed.Prac. & Proc. § 3533 at 276 (1975). This rule is not applied where the change in law satisfies the principles contended for by the attack on the prior statute; in such a case, the revision will in fact render the original attack moot. See Diffenderfer v. Central Baptist Church, 404 U.S. 412, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972) (attack on tax exemption for church property used as a commercial parking lot mooted by subsequent statute that allowed exemption only if church property was used predominantly for religious purposes). Clearly, that has not occurred here. The prior regulation was challenged because it required recoupment of assistance payments. While the recoupment procedure has been altered by revisions subsequent to the original opinion of the district court, the requirement that all rental emergency assistance be recouped remains unchanged.
 
 
 13
 It is, of course, true that having sought declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, plaintiffs must demonstrate the existence of an 'actual controversy' in which they seek relief. That criterion has been satisfied in this case by the fact that plaintiffs have had assistance grants recouped and that they challenge the validity of that act, rather than the procedure by which the act was effectuated. It is not critical, as the majority suggests, that the named plaintiffs in this class action have not received funds under the revised regulation. In the context of a request for declaratory relief, it is sufficient that plaintiffs show, as they have done, that their susceptibility to the present regulation is neither 'imaginary or speculative,' Younger v. Harris, 401 U.S. 37, 42, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) nor 'chimerical,' Poe v. Ullman, 367 U.S. 497, 508, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961). See Steffel v. Thompson, 415 U.S. 452, 455, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). In the present case, the uncontroverted evidence indicates that plaintiffs have had to take advantage of emergency assistance grants that have been recouped and that members of the class continue to be subjected to the challenged action. Clearly, plaintiffs have retained their interest and the necessary degree of contentiousness throughout the litigation. Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).
 
 
 14
 The cases cited in the majority opinion for the proposition that changes in the regulations may moot this litigation are distinguishable. Acts of the legislature or of the plaintiffs in those cases effectively nullified the initial complaints. In Allee v. Medrano, 416 U.S. 802, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974), appellees argued the unconstitutionality of five Texas statutes. The Court mooted the District Court's judgment relating to three of the statutes, except to the extent that prosecutions thereunder might still be pending, because those statutes had been repealed. The repeal of statutes, which the Court viewed as 'a special situation,' falls within the above-mentioned exception that statutory changes will moot a case if those changes satisfy all the principles contended for by the attack on the prior statute. Dunn v. Blumstein, 405 U.S. 330, 333 n. 2, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972) is similarly inapposite to the majority's position and may well be cited in support of this dissent. In the footnote cited by the majority, the Supreme Court indicated that a challenge to Tennessee's durational residence requirement for voting would not be mooted by the fact that the named challenger, Blumstein, would have met the requirements by the time of the next election following the District Court's opinion. The Supreme Court noted that 'Blumstein has standing to challenge (the laws) as a member of the class of people affected by the presently written statute' although he himself was no longer injured by the statute. 405 U.S. at 333 n. 2, 92 S.Ct. at 998.
 
 
 15
 The final case cited by the majority, Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969), also was rendered moot by a basic legislative change that affected the very source of the plaintiffs' complaint. As in Blumstein, plaintiffs had challenged residency requirements for voting. While appeal was pending, however, the state legislature reduced the residency requirement from six months to two months, and it was this act that 'surely operated to render this case moot.' 396 U.S. at 48, 90 S.Ct. at 201.
 
 
 16
 Unlike the above cases, the recent revision of New York's recoupment provision does not satisfy the principles contended for by plaintiffs' initial attack. The majority candidly recognizes as much by suggesting that the mootness claim would fail 'if the court (on remand) permits the intervention of an AFDC recipient who is subject to the existing recoupment procedures.' To remand this case, which has now been before us on three separate occasions over a three-year period, for a cosmetic change is hardly an economical use of judicial resources.
 
 
 17
 After deciding that the case may be moot, the majority suggests its view on the merits and disagrees with the district court's holding that the requests for recoupment are not 'voluntary' within the meaning of HEW's latest Program Instruction. I find two faults with reaching that analysis at this time. First, if the case is in fact moot, we are deprived of all jurisdiction and should express no opinion on the merits. Kerrigan v. Boucher, 450 F.2d 487 (2d Cir. 1971). Second, HEW's Program Instruction, as quoted by the majority, permits voluntary recoupment only of 'overpayments.' It is by no means clear that New York's emergency assistance grants constitute 'overpayments.' Indeed, the language of New York's regulation strongly suggests that the assistance grant is a 'current need,' recoupment of which is not authorized by the HEW Instruction. See 18 NYCRR § 352.7(g)(7).[2] If this is the proper interpretation of the New York regulation, then the question of voluntariness is irrelevant. Resolution of that matter, however, must now await further proceedings.
 
 
 18
 Three years ago I urged that we move to a determination of the merits of this unnecessarily protracted litigation. Hagans v. Wyman, 462 F.2d 928, 932 (2d Cir. 1972). I still think we should do so.
 
 
 
 [1]
 Congress gave the Secretary of Health, Education and Welfare (HEW) the power to promulgate rules and regulations in furtherance of the Social Security Act. 42 U.S.C. § 1302
 
 
 [2]
 Mr. Lavine had become the New York Commissioner of Social Services on May 1, 1972 in place of Mr. Wyman, and was substituted in the Supreme Court proceedings as a respondent
 
 
 [3]
 The regulation was originally numbered § 352.7(g)(6) but on December 10, 1971 was renumbered § 352.7(g)(7)
 
 
 [4]
 The instruction reads in pertinent part:
 The Federal regulation on recoupment of Overpayments places conditions on, and limits the involuntary reduction of future assistance payments to recover prior overpayments. The reduction of future grants to recover overpayment from any cause, with the recipient's permission, is not prohibited by the regulation. However, any State that provides for voluntary reductions should have procedures to assure that the recipient's permission is, in fact, obtained freely and without coercion.
 (emphasis in original).
 
 
 [5]
 The appeal here is potentially flawed by the mootness question as well as by our inability on the record before us to determine whether or not any plaintiff has been in fact coerced since none has been shown to be subject to the new procedures provided by the amended regulation. While maintaining that there is no mootness issue here counsel for the plaintiffs nonetheless by letter dated October 20, 1975 also stated 'we respectfully urge that should this Court entertain any doubt about the continuing nature of this case, the Supreme Court decisions make it clear that the appropriate course of action for the appellate court is to remand the case to the trial court for a consideration of the mootness question (citing cases).' We agree that we cannot now meaningfully assess the issues in this appeal on the present record and hence the remand. Fusari v. Steinberg, 419 U.S. 379, 387, 95 S.Ct. 533, 42 L.Ed.2d 521 (1975). While our dissenting brother notes the protracted litigation here, we think prudence as well as a proper regard for the concept of justiciability dictates this course. Festina lente$
 
 
 [1]
 In Fusari, the Court remanded to the district court only after determining that major revisions in the challenged statutes would 'ameliorate problems' that the district court had identified and were intended to have 'a significant impact on the speed and fairness of the resolution of contested claims' under Connecticut's unemployment compensation procedures. 419 U.S. at 380, 386, 95 S.Ct. at 538. The Court remanded not because it perceived a question of mootness, but because it was unable 'meaningfully to assess the issues' in the appeal on the record generated under the defunct statutes. 419 U.S. at 387, 95 S.Ct. at 539. No similar problem faces us in this instance
 
 
 [2]
 In its latest amicus memorandum filed in this action, HEW contends:
 'If, on the other hand, the duplicate rent assistance payment represents a current need of an AFDC family facing eviction, then the payment is not in excess of what such a family is entitled to under the New York State AFDC plan. In such event, no recovery is permissible under Federal regulations; a State may not recover any portion of a properly paid AFDC grant from a subsequent month's AFDC grant. In this situation, the HEW recoupment regulations directed to recovery of overpayment would be irrelevant and not applicable.' HEW amicus brief at 3.