896 F.2d 1095
 15 Fed.R.Serv.3d 1498
 David BARANSKI, et al., as assignees of Lawrence B.
LaGrotteria; and David Baranski and Lawrence J.
Passarella, et al., as assignees of
Ralph Delmonico, Plaintiffs-Appellants,
v.
Elizabeth VACCARIELLO, on behalf of herself and all other
persons similarly situated, Defendants-Appellees.
 No. 89-2170.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 16, 1990.
Decided March 5, 1990.
 
 Edward J. Burke, Burke & Smith, Sharon Swarsensky Bilow, Wendy B. Kahn, Much, Shelist, Freed, Denenberg, Ament & Eiger, Chicago, Ill., for plaintiffs-appellants.
 Joseph E. Coughlin, Lord, Bissell & Brook, Edward T. Joyce, Joyce & Kubasiak, Phillip J. Zisook, Altheimer & Gray, Stephen B. Diamond, Kenneth P. Caniglia, Beeler, Schad & Diamond, James B. Linn, Office of the Corp. Counsel, Chicago, Ill., for defendants-appellees.
 Before CUMMINGS and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 CUMMINGS, Circuit Judge.
 
 
 1
 In January 1983, plaintiff Elizabeth Vaccariello filed a pleading denominated "First Joint Class Action Complaint" ("Complaint") on behalf of herself and all other persons similarly situated. Defendants included Financial Partners Brokerage, Ltd., Financial Partners, Ltd., Robert B. Serhant, Ralph F. Delmonico and Lawrence B. LaGrotteria. Delmonico and LaGrotteria were sued because they were officers, directors, and shareholders of the named corporations and because they allegedly participated in the wrongdoing charged. The complaint charged that the members of the class of more than 400 persons (later 700 persons) lost $30,000,000 (later reduced to $27,000,000) in commodities futures speculation by virtue of defendants' "scheme to cheat and defraud plaintiffs" by various means. LaGrotteria and Delmonico were claimed to have "directly assisted Serhant in solicitation, investment and management." Complaint at 7. Vaccariello alleged that her investments in the corporations were solicited by Delmonico. Complaint at 14. Subsequent allegations contained in Count I mentioned acts, omissions, and failures of the two companies, Serhant, Delmonico, and LaGrotteria with respect to the Commodity Exchange Act (7 U.S.C. Secs. 1 et seq.) and regulations thereunder.
 
 
 2
 Count II was brought under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. Secs. 1961 et seq.) and included Delmonico and LaGrotteria as defendants. Count III also included them as defendants and was brought under the Illinois Consumer Fraud and Deceptive Business Practices Act (Ill.Rev.Stat. ch. 121 1/2, pp 261 et seq.). Finally, Count IV for common law fraud and Count V for breach of fiduciary duty specifically singled them out as liable for damages.
 
 
 3
 On January 6, 1984, the district judge sent a notice of class action to all persons who invested money with the two companies or with Robert Serhant. The notice explained that the court had earlier determined that the lawsuit could be maintained as a class action and defined the class as follows:
 
 
 4
 All persons who invested money with Financial Partners Brokerage, Ltd., Financial Partners, Ltd., or Robert B. Serhant, either directly or through their agents, and whose investments were partially or totally lost as a result of the activities of Defendants and their agents.
 
 
 5
 The notice also explained that Delmonico, LaGrotteria and other defendants had filed answers to the Joint Complaint denying any impropriety or wrongdoing on their part.
 
 
 6
 Before the trial of the class action, LaGrotteria assigned his claim as a reputed class member to plaintiffs David Baranski, et al. After trial, Delmonico assigned his class claim to the Baranski plaintiffs and to Lawrence J. Passarella, et al. Both groups will be termed assignees in this opinion.
 
 
 7
 The trial took place in December 1985 and early January 1986. Verdicts against defendants who chose to be tried totaled $1,240,000 and judgment was entered thereon on January 23, 1986. Assignors LaGrotteria and Delmonico had filed for bankruptcy and escaped trial. Other defendants chose to contribute $9,349,000 to a settlement fund before trial. The assignees have claimed against that fund.
 
 
 8
 On November 5, 1986, class counsel filed objections to the assignees' claims, alleging that because LaGrotteria and Delmonico were former officers and directors of the two defendant companies, they were not proper class members. They had not sought realignment as plaintiffs. The matter was then assigned to Magistrate Lefko to decide whether LaGrotteria and Delmonico were members of the class and therefore whether their assignees were able to participate in the settlement fund arising from the trial. Counsel for the class objected that the assignees could not be class members because their assignors were defendants who had allegedly participated in the fraud. In response, the claimant assignees stated that it was never established that the assignor-defendants had participated in the fraud.
 
 
 9
 The magistrate ruled that LaGrotteria and Delmonico were not members of the class because they were among the named defendants in Vaccariello's class suit, so that there would be "an obvious conflict of interest for plaintiff's counsel." Magistrate's Recommended Decision at 1. Judge Holderman approved the magistrate's report and therefore entered judgment denying the claims of the appellant assignees of LaGrotteria and Delmonico. We affirm.
 
 
 10
 As already noted, the class definition was to cover all persons who invested money with the two corporate defendants or Robert Serhant who lost their investment "as a result of the activities of the defendants and their agents." LaGrotteria alleged that he lost $700,900 of the amount he invested with Serhant, and Delmonico alleged that he lost $630,000. Apart from them, the 700 members of the plaintiff class alleged that their losses totaled $27,000,000. They and the assignees of LaGrotteria and Delmonico are attempting to participate in the $9,000,000 class action settlement fund. While it is true that the assignor-defendants were not adjudicated to have participated in the fraud, neither have they been vindicated.
 
 
 11
 In October 1983, LaGrotteria filed for bankruptcy, but class counsel did not object to the dischargeability of any debts LaGrotteria may have had to the class until after the expiration date for filing objections. Consequently the objection was held untimely and dismissed on the merits. Nevertheless neither the bankruptcy nor district judge considered whether this assignor defrauded the class even though his debts were ultimately discharged. See 43 B.R. 1007 (N.D.Ill.1984).
 
 
 12
 In September 1985, Delmonico also filed for bankruptcy and counsel for the class did not present evidence of Delmonico's misconduct or object to the dischargeability of his alleged debt to Vaccariello and her class. We have not been advised whether his claimed debt to the class has been discharged. In any event, the question of Delmonico's possible fraud was not before the bankruptcy judge.
 
 
 13
 Because LaGrotteria and Delmonico were not vindicated in either bankruptcy proceeding, they have not persuaded us that they were ab initio members of the Vaccariello class. In this connection, it is of interest that the trial judge never sent them the notice that he sent the class members in January 1984.
 
 
 14
 It is specious of appellants to argue that there was no conflict of interest between them and counsel for the class at the time the class was formed. LaGrotteria and Delmonico were among the named wrongdoers in the joint complaint and therefore at the time there certainly was a conflict between them and the class. As the magistrate held, if the class included these two defendants, there would be a conflict of interest for class counsel to represent them.
 
 
 15
 To support their position, appellants assert that LaGrotteria and Delmonico were named as defendants solely because of their status as officers and directors of the two corporate defendants. Yet, as we have seen, the joint class action accused them of wrongdoing in all five counts. They did not become members of a class simply because class counsel did not timely object to the dischargeability of any debts these men may have owed to the class. This is especially so because at the trial plaintiff Vaccariello testified that she invested on Delmonico's representations and Serhant himself testified about their participation in the activities alleged. Consequently, while the two bankruptcy proceedings insulated the assignors from the trial of the class action, their interests remained antagonistic to the class so that they cannot be considered class members.
 
 
 16
 It was early established by the Supreme Court that there is no class membership if the putative parties have "dual and potentially conflicting interests." Hansberry v. Lee, 311 U.S. 32, 44, 61 S.Ct. 115, 119, 85 L.Ed. 22. Here there was a potential conflict between the members of the class and the defendant assignors. Because of their bankruptcy proceedings, the assignors escaped liability to the Vaccariello class, but otherwise as officers and directors of the Serhant group, they might have been held responsible. As a prerequisite to a class action, Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The importance of this requirement was stressed in Kremens v. Bartley, 431 U.S. 119, 132, 97 S.Ct. 1709, 1716, 52 L.Ed.2d 184. This requirement could not have been satisfied if Delmonico and LaGrotteria had been class members. Vaccariello, as class representative, was trying to recover large sums from Financial Partners Brokerage, Ltd., Financial Partners, Ltd., Serhant, and Delmonico and LaGrotteria. Thus her claims could not have been "typical" of a class whose members included some plaintiffs who sought to recover against Financial Partners Brokerage, Ltd., Financial Partners, Ltd., and Serhant only. Diversity in class membership is not acceptable. Adashunas v. Negley, 626 F.2d 600, 604 (7th Cir.1980). Class members must be homogeneous, Sosna v. Iowa, 419 U.S. 393, 403 n. 13, 95 S.Ct. 553, 559 n. 13, 42 L.Ed.2d 532, in order to proceed under Rule 23. Those whose interests may be antagonistic to the class cannot be class members. Hagans v. Wyman, 527 F.2d 1151, 1154 (2d Cir.1975); see also 7A Wright, Miller, Kane, Federal Practice and Procedure Sec. 1760. The requirement that the class be cohesive is based on practicalities. The class representative, here Elizabeth Vaccariello and her counsel, could not speak authoritatively for a class made up of members whose interests were in conflict with the rest of the class, as defendant assignors' interests certainly were. Applying these principles, we hold that the assignors were not members of the class and therefore their assignees may not participate as such in the settlement fund.
 
 
 17
 The assignees contend that such a holding would permit a plaintiff class to deprive persons of sharing in a class recovery by naming them as defendants (Br. 7-8). There is no evidence, however, that Vaccariello's plaintiff class employed such tactics. Rather, it is clear that as officers and directors of Serhant's companies and participants in his enterprises, the assignors were legitimate defendants in the class suit.
 
 
 18
 Finally, the assignees contend that the trial judge's decision to allow Heritage Capital Advisory Services, Ltd. to join the class implies an intent to change the definition of the class to one that would include the assignees. This argument is based on language in Heritage's pleading indicating that Heritage was seeking recovery of "money which it invested with either Financial Partners Brokerage, Ltd., Financial Partners, Ltd., or Robert Serhant." The assignees argue that Heritage's failure to name them as defendants coupled with the judge's decision to recognize Heritage as a class member indicates the judge intended to alter the class definition. This argument has no merit. Heritage's claim was to recover money lost in the "Financial Partner Scheme." That scheme, as described in Vaccariello's original pleading, included Delmonico and LaGrotteria. The record also refers to Heritage as "the largest single claimant against the class action defendants." Motion of the Receiver of HCAS for Clarification at 3. The trial judge's decision to recognize Heritage has no bearing on the definition of the class or the identity of the defendants named by that class.
 
 
 19
 Our decision does not preclude the assignees from pursuing whatever individual claims their assignors may have against Financial Partners Brokerage, Ltd., Financial Partners, Ltd., and Serhant. The appellants simply may not participate in the settlement fund as assignees of class members because their assignors were not class members.
 
 
 20
 JUDGMENT AFFIRMED.