No. 71–5743. TORRES ET AL. *v.* NEW YORK STATE DE-
PARTMENT OF LABOR ET AL., 405 U. S. 949. Motion of
American Federation of Labor and Congress of Indus-
trial Organizations for leave to file a brief as *amicus
curiae* granted. Petition for rehearing denied.

MR. JUSTICE MARSHALL, with whom MR. JUSTICE
DOUGLAS and MR. JUSTICE BRENNAN concur, dissenting.

By summarily denying this petition for rehearing, the
Court finally disposes of important issues of constitutional
law and statutory construction in a fashion which can
only be characterized as bizarre. Although the case has
now been before us on three separate occasions, my
Brethren have yet to write so much as a single word in
defense of a disposition which is seemingly inconsistent
with a raft of our prior cases. See, *e. g., Indiana Em-
ployment Security Division* v. *Burney,* 409 U. S. 540
(1973); *California Human Resources Dept.* v. *Java,* 402
U. S. 121 (1971); *Goldberg* v. *Kelly,* 397 U. S. 254 (1970).
I cannot concur in this cavalier treatment of a question
that is of vital importance to the thousands of citizens
who, through no fault of their own, are temporarily
unemployed.

Even a brief chronological recitation of the tortured
progression of this case makes plain that it has not been
treated in accordance with the high standards that
litigants before the Court have come to expect. Peti-
tioners originally instituted ᵗhis action in United States
District Court to enjoin the enforcement of New York
Labor Law §§ 597, 598, and 620 "insofar as they authorize
the suspension or termination of unemployment com-
pensation benefits without a prior hearing." They based
their claim on the Due Process Clause of the Fourteenth
Amendment, which had been interpreted in *Goldberg* v.
*Kelly, supra,* to require a hearing prior to the suspension

of welfare benefits, and on the Social Security Act, which requires a state plan "reasonably calculated to insure full payment of unemployment compensation when due." 42 U. S. C. § 503 (a)(1). A three-judge court was convened, but that court, over a dissent by Judge Lasker, found both the constitutional and statutory claims to be without merit.

An appeal was timely noted and docketed in this Court. But before we had considered petitioners' jurisdictional statement, our decision in *California Human Resources Dept.* v. *Java, supra,* was handed down. In *Java,* a unanimous Court held that 42 U. S. C. § 503 (a)(1) invalidated a California statute which provided for the automatic suspension of unemployment compensation when the employer took an appeal from the initial eligibility determination.

Inasmuch as *Java* interpreted the very provision of the Social Security Act relied upon by the appellant in *Torres,* we entered an order vacating the District Court's decision in *Torres* and remanding for reconsideration in light of *Java.* See 402 U. S. 968 (1971). When the case returned to the District Court, however, that court purported to find *Java* distinguishable and, in a brief *per curiam,* adhered to its prior decision. See *Torres* v. *New York State Department of Labor,* 333 F. Supp. 341 (SDNY 1971).

Once again, petitioners docketed an appeal in this Court, but this time an order was entered summarily affirming the District Court without the benefit of full briefing, oral argument, or an opinion. See 405 U. S. 949 (1972).* Shortly thereafter, however, the Court did note probable jurisdiction in *Indiana Employment Security Division* v. *Burney, supra,* a case presenting iden-

---

*Mr. Justice Douglas, Mr. Justice Brennan and I indicated in a separate statement that we would have noted probable jurisdiction and reversed on the basis of *Goldberg* v. *Kelly,* 397 U. S. 254.

tical issues with respect to the Indiana unemployment compensation scheme. See 406 U. S. 956 (1972). At the same time, the Court held in abeyance any disposition of the petition for rehearing in this case.

It thus appeared that the Court would finally rule upon the legality of prehearing suspensions of unemployment compensation in *Burney* and that the petition for rehearing in this case would be disposed of in accordance with the *Burney* decision. When *Burney* was ultimately decided, however, the Court failed to reach the merits. Instead, it pointed out that Mrs. Burney had eventually received a post-termination hearing at which it had been held that she had been wrongfully terminated. Pursuant to this decision, Mrs. Burney had received full retroactive compensation. In light of these developments, the Court remanded to the District Court for consideration of whether the case was moot. See 409 U. S. 540 (1973).

Thus, the questions which were initially to be decided in *Burney* must now be resolved in this petition for rehearing. Although I dissented from the remand in *Burney*, I think that, at the very least, by a parity of reasoning, the Court is obliged to treat this case in an identical fashion. The representative parties here, like the representative party in *Burney*, all received post-termination hearings at which their claims to compensation were decided on the merits. True, Mrs. Burney's claim was vindicated at the hearing, while the termination of Mr. Torres' benefits was reaffirmed. But this is a distinction without a difference. Since it has already been determined that the representative parties in this case are not in any event entitled to compensation payments, they no longer have any more stake in the outcome of this litigation than did Mrs. Burney in her case once her claim had been administratively resolved. Thus, under the Court's apparent reasoning in *Burney,* the

resolution of both parties' claims on the merits may moot the controversy concerning the timing of a hearing, thereby calling for a remand of the case to consider that issue.

But even if I accepted the Court's unarticulated conclusion that this case is distinguishable from *Burney*, I would still object to the summary fashion in which the District Court's judgment is affirmed today. When probable jurisdiction was noted in *Burney*, it was apparently thought that the questions posed by that case were of sufficient importance and complexity to require briefing and oral argument. Since the Court failed to reach the merits in *Burney*, the proper course would seem to be a notation of probable jurisdiction in this case so that the questions can be addressed in that context. But instead, the issues which in *Burney* were considered so significant as to require setting the case for argument have now, inexplicably, become so trivial as not even to require an opinion. It is not without irony that petitioners, who claim a deprivation of due process because vital benefits are denied them without a hearing, are unable to secure a hearing before this Court.

Since we have not had the benefit of full briefing and oral argument on the questions presented by petitioners, I am not prepared to state my views at length. But from the papers before us, it seems quite likely to me that by withholding benefits from putatively eligible recipients without a pretermination hearing, New York has failed to comply with the federal requirement that benefits be provided "when due." Cf. *California Human Resources Dept.* v. *Java, supra.* More significantly, the decision below seems flatly inconsistent with our prior decision in *Goldberg* v. *Kelly, supra,* wherein we held that due process demands a pretermination hear-

ing for welfare benefits. See also *Fuentes* v. *Shevin,* 407 U. S. 67 (1972); *Bell* v. *Burson,* 402 U. S. 535 (1971).

Apparently a majority of the Court disagrees, although it is impossible to discern from the Court's silence either the source or nature of this disagreement. I would have thought that if the rights recognized in *Goldberg* and *Java* were to be sharply limited, the Court would at least have found it necessary to explicate the basis for this limitation and delineate the new reach of those decisions. Instead, the Court has elected to bury an apparently significant shift in the law in that portion of the United States Reports devoted to petitions for rehearing. Because I cannot agree that this disposition is consistent with our obligation to engage in reasoned decisionmaking, I must respectfully dissent.