# INDIANA EMPLOYMENT SECURITY DIVISION
## ET AL. *v.* BURNEY

No. 71–1119. Argued December 7, 1972—Decided January 17, 1973

*Darrel K. Diamond,* Deputy Attorney General of Indiana, argued the cause for appellants. With him on the briefs was *Theodore L. Sendak,* Attorney General.

*Ivan E. Bodensteiner* argued the cause for appellee. With him on the brief were *Stephen P. Berzon, Stefan M. Rosenzweig,* and *Fred H. Altshuler.*

Briefs of *amici curiae* urging reversal were filed by *Evelle J. Younger,* Attorney General, *Elizabeth Palmer,* Assistant Attorney General, and *Asher Rubin,* Deputy Attorney General, for the State of California, and by *Harry T. Ice* for College University Corp. et al.

Briefs of *amici curiae* urging affirmance were filed by *J. Albert Woll, Laurence Gold,* and *Thomas E. Harris* for the American Federation of Labor and Congress of Industrial Organizations, and by *Dennis R. Yeager, E. Richard Larson, Howard I. Rosenberg, James H. Seckinger, John M. Levy, Marttie Louis Thompson, Joseph A. Matera, C. Christopher Brown,* and *C. Lyonel Jones* for National Employment Law Project et al.

Per Curiam.

We noted probable jurisdiction in this case, 406 U. S. 956, to review the judgment of a three-judge district court, holding that Indiana's system of administering unemployment insurance was in conflict with § 303 (a)(1) of the Social Security Act, 49 Stat. 626, as amended, 42 U. S. C. § 503 (a)(1).[1] Before the three-judge court entered its injunction, Indiana's practice was to discontinue unemployment benefits upon a determination of ineligibility, that determination taking place without the benefit of a full hearing for the erstwhile beneficiary.

After several months of effort, however, the class representative in this litigation, Mrs. Burney, succeeded in obtaining a reversal of the initial determination of ineligibility.[2] She has now received full retroactive compensation.

The full settlement of Mrs. Burney's financial claim raises the question whether there continues to be a case or controversy in this lawsuit. Though the appellee purports to represent a class of all present and future recip-

---

[1] The three-judge court was convened pursuant to 28 U. S. C. §§ 2281, 2284, to consider the prayer for an injunction against enforcement of the Indiana statute, Ind. Ann. Stat. § 52–1542a (e) (Supp. 1970), on the grounds that it violated the appellee's right to due process under the Fourteenth Amendment. The District Court did not reach this issue.

[2] The District Court entered a temporary restraining order against the appellants on May 7, 1971. Presumably, the appellee's payments were then restored pending the outcome of her hearing before a referee, which took place on July 1, 1971. On July 13, 1971, the referee affirmed the determination of ineligibility. Mrs. Burney then appealed to the Division Review Board. After the judgment and injunction were entered by the District Court, the Review Board reversed the referee and awarded payments to Mrs. Burney. This latter determination was unrelated to the injunction.

ients of unemployment insurance, there are no named representatives of the class except Mrs. Burney, who has been paid. Cf. *Bailey* v. *Patterson*, 369 U. S. 31, 32–33. Accordingly, the judgment is vacated and the case is remanded to the District Court to consider whether it has become moot.

*It is so ordered.*

MR. JUSTICE MARSHALL, with whom MR. JUSTICE BRENNAN joins, dissenting.

I consider the remand ordered by the Court to be pointless. The only issue in this case is the right of a recipient of unemployment insurance benefits to a full evidentiary hearing before those benefits are terminated as the result of an administrative determination of ineligibility. The Court evidently concludes that this action may be moot as to Mrs. Burney since she has now received a full evidentiary hearing and settlement of her claim, and as to the affected class since Mrs. Burney is its only named representative in this action. I think it clear on the record before us, however, that nothing has occurred at either the administrative or judicial level since Mrs. Burney entered this suit that would suffice to moot her claim or that of the class.

Mrs. Burney's benefits were suspended beginning the week of March 23, 1971. On April 2, 1971, some three weeks before Mrs. Burney sought leave to intervene in this action,[1] she invoked the existing Indiana appeal pro-

---

[1] This action was originally brought to declare invalid the Indiana statutory provision that an unemployed individual found initially to be eligible by the Division authorities would have his benefits suspended upon appeal by the employer of the eligibility determination. That issue was effectively resolved against the Division by this Court's decision in *California Dept. of Human Resources Development* v. *Java*, 402 U. S. 121 (1971), which was handed down while

cedure, see Ind. Stat. Ann. § 52–1542a (e) (Supp. 1970), now Ind. Stat. Ann. § 52–1542a (e) (Supp. 1972), and requested an administrative hearing. She received such a hearing on July 1, 1971, while this action was still pending in the District Court. Although the hearing referee affirmed the suspension order, on December 6, 1971, the Division Review Board reversed the referee and held that Mrs. Burney's benefits had been erroneously suspended. Meanwhile, on October 27, 1971, the District Court granted summary judgment in favor of Mrs. Burney and the affected class.

Certainly the full administrative hearing that Mrs. Burney received during the pendency of this case in the District Court cannot be considered to be an indication that Indiana has voluntarily chosen to provide henceforth the *pre*-termination hearing that Mrs. Burney claims is required under both § 303 (a)(1) of the Social Security Act, 42 U. S. C. § 503 (a)(1), and the Due Process Clause. So far as appears, the hearing afforded Mrs. Burney was nothing more than the *post*-termination hearing for which provision is already made in Indiana law.[2]

---

this case was pending in the District Court, and it is not presented on this appeal. On May 7, 1971, the District Court allowed Mrs. Burney to intervene in this action in order to raise the further issue whether a pre-termination hearing is necessary where the Division seeks to suspend payment of benefits because it has determined that a person who was *initially eligible* to receive unemployment benefits has *since* become ineligible.

[2] At the same time Mrs. Burney sought to intervene, she requested a temporary restraining order reinstating her benefits. On May 7, 1971, the District Court issued such an order directing that Mrs. Burney's benefits be reinstated and not be again suspended "without a prior, due process hearing." In light of the chronology of events in this case it appears that Mrs. Burney received only the regular post-termination hearing for which Indiana law provides. But even if the July 1 hearing was the product of

Nor can I accept any suggestion that Mrs. Burney's attack upon appellants' failure to provide a pre-termination hearing may be moot merely because she has received a full post-termination hearing and settlement of her claim since entering this litigation.[3] A determination of mootness based on this line of reasoning would effectively bar the full and final litigation of whether a pre-termination hearing is legally required, while leaving Indiana free to continue to provide Mrs. Burney and other beneficiaries of unemployment insurance with only post-termination hearings.

It is, by now, clear that a claim is not moot if it is "capable of repetition, yet evading review." *Southern Pacific Terminal Co.* v. *ICC,* 219 U. S. 498, 515 (1911); see *Moore* v. *Ogilvie,* 394 U. S. 814, 816 (1969). It is entirely possible that Mrs. Burney will, in the future, become employed and then once more become unemployed. If this action is deemed to be moot and the existing state procedure remains intact, she then may encounter the same problem of suspension of benefits without a prior hearing that she has encountered in this instance. And, inevitably, the post-termination administrative process will again be completed before final legal relief may be obtained as to the pre-termination hearing question. Indeed, this sequence of events might repeat itself any number of times for Mrs. Burney

---

the temporary restraining order, such compliance with the court order would not moot this case. See, *e. g., Bakery Sales Drivers Local Union No. 33* v. *Wagshal,* 333 U. S. 437, 442 (1948); *Dakota County* v. *Glidden,* 113 U. S. 222, 224, (1885).

[3] It particularly bears noting that in *California Dept. of Human Human Resources Development* v. *Java, supra,* at 123–124, which involved a related pre-termination hearing claim, see n. 1, *supra,* the Court never even suggested that there was any problem of mootness, although both appellees had received full post-termination administrative hearings during the pendency of the litigation.

if the mere provision of the post-termination hearing and settlement of her particular claim were considered sufficient to moot the issue whether a pre-termination hearing is required. The principle that a federal court will not pass upon a moot controversy does not require us to set in motion such a litigious merry-go-round where, as here, there is a short-lived controversy of a potentially recurring character.

It is no answer that there are other beneficiaries of unemployment insurance whose benefits may be terminated in advance of a full hearing and who might therefore institute litigation concerning the timing issue. Such litigation can be expected to fare no better, or worse, in terms of problems of mootness, than this case. As with Mrs. Burney's claim, the post-termination administrative process will invariably be completed before a final adjudication is obtained. In fact, appellants indicate that the post-termination hearing procedure has been speeded up significantly since Mrs. Burney's administrative appeal was processed.[4]

It is true that the District Court entered an injunction ordering Indiana to provide pre-termination hearings, and that injunction is currently in effect since no stay has been entered. As a result, pre-termination hearings are presently being provided in Indiana.[5] But this certainly does not moot the case, for it is well established that compliance with a court order *pendente lite* does not moot the underlying controversy, see, *e. g.,* *Bakery Sales Drivers Local Union No. 33* v. *Wagshal,* 333 U. S. 437, 442 (1948); *Dakota County* v. *Glidden,* 113 U. S. 222, 224 (1885). A determination of mootness would require that the decision below be vacated and the action dismissed. See, *e. g., SEC* v. *Medical Committee for*

---

[4] See Reply Brief for Appellants 8.

[5] See Brief for Appellee 6.

*Human Rights,* 404 U. S. 403, 407 (1972); *United States* v. *W. T. Grant Co.,* 345 U. S. 629, 632 (1953). Under such circumstances, appellants would be "free to return to [their] old ways." *Ibid.* For a case to be moot it must be "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States* v. *Concentrated Phosphate Export Assn.,* 393 U. S. 199, 203 (1968). In this case, appellants have hardly provided such assurance—as is evident from the very fact that this appeal was taken from the adverse decision below.

In my view, then, this case remains viable as to both Mrs. Burney and the affected class. Accordingly, I see no need for the remand ordered by the Court.[6] On the merits, I would affirm the judgment of the District Court in light of our decision in *Goldberg* v. *Kelly,* 397 U. S. 254 (1970). See *Torres* v. *New York Dept. of Labor,* 405 U. S. 949 (1972) (statement of DOUGLAS, BRENNAN, and MARSHALL, JJ.).

---

[6] I can see the purpose of a remand to a district court for consideration of possible mootness where the Court identifies disputed factual issues the resolution of which affects the continuing viability of the particular claim. See, *e. g., Johnson* v. *New York State Education Dept., ante,* p. 75. But here the Court fails to identify any such factual issue. Indeed, there do not appear to be any factual issues in dispute as to the administrative developments subsequent to Mrs. Burney's intervention in this suit. Under such circumstances, this Court is as competent as a district court to resolve initially the issue of mootness, and in the past it has proceeded to do so, see, *e. g., SEC* v. *Medical Committee for Human Rights,* 404 U. S. 403 (1972); *United States* v. *Concentrated Phosphate Export Assn.,* 393 U. S. 199, 202–204 (1968).