Dominga Merced ROLDAN et al., Plaintiffs,

v.

Steven A. MINTER, Commissioner of Massachusetts Dept. of Public Welfare, et al., Defendants.

Civ. A. No. 73–3418–G.

United States District Court, D. Massachusetts.

March 4, 1976.

R. Peter Anderson, Charles R. Capace, Mass. Law Reform Institute, Boston, Mass., William A. Breitbart, Western Mass. Legal Services, Springfield, Mass., Hollis Young, Greater Boston Legal Services, Boston, Mass., for plaintiffs.

Danielle E. De Benedictis, Asst. Atty. Gen., Kenneth Behar, Boston, Mass., for defendants.

Before McENTEE, Circuit Judge, and GARRITY and MURRAY, District Judges.

## MEMORANDUM OF DECISION DISMISSING THE COMPLAINT

GARRITY, District Judge.

This is a class action in which the plaintiffs Dominga Roldan and Mary Mercer sue Steven Minter, the State Welfare Commissioner, and others, challenging a Welfare Department Letter pursuant to which that department determines eligibility for Aid to Families with Dependent Children (AFDC) benefits. They claim that State Letter 314 is unconstitutional under the due process and equal protection clauses of the Fourteenth Amendment and that it is inconsistent with federal statute, § 406(a) of the Social Security Act, 42 U.S.C. § 606(a). They seek declaratory and injunctive relief and recovery of benefits wrongfully withheld. A three-judge court was convened pursuant to 28 U.S.C. § 2284. Hearing on the merits was advanced and consolidated with the hearing on the motion for a preliminary injunction, pursuant to Rule 65(a)(2), Fed.R.Civ.P. After argument and consideration of the parties' stipulations of facts and briefs, we have concluded that the complaint should be dismissed on condition that the defendants modify State Letter 314, as will be explained.

State Letter 314 requires documentary verification of the ages and relationship of children for eligibility for AFDC benefits. The plaintiffs, for different reasons, could not satisfy the requirements of that letter as they existed at the time of their applications. Plaintiff Roldan arrived in Massachusetts from Puerto Rico. Because any existing documentation of the age and relationship of her children was in Puerto Rico, she could not qualify. Plaintiff Mercer is a gypsy. Gypsies by custom keep no records or other documentation. She was similarly denied AFDC relief because she could not comply with the

State Letter.[1] The plaintiffs, when they were denied assistance, attacked the regulation, alleging that State Letter 314 arbitrarily discriminated against equally qualified recipients solely on the basis of what documentation they possessed; that the State Letter established a conclusive presumption against qualified recipients in violation of procedural due process; and that the State Letter violated the Supremacy Clause by precluding relief to persons whom Congress had declared to be eligible. These claims raise substantial questions; and had the State Letter remained unchanged, judgment might well have been entered for the plaintiffs. See *Vlandis v. Kline*, 1973, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63, and *Boucher v. Minter*, D.Mass.1972, 349 F.Supp. 1240, as to preclusive presumptions and *Townsend v. Swank*, 1971, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448, and Section 406(a) of the Social Security Act, 42 U.S.C. § 606(a) as to a preclusion of intended beneficiaries.

After commencement of this suit, the defendants made major revisions in State Letter 314 in an effort to settle the controversy. The letter originally required a birth record or, if that was unavailable, baptismal or school record. The defendants have now agreed to amend State Letter 314 to provide that the following documentation is acceptable:

(a) Birth certificate . . .

(b) Certificate of baptism

(c) Marriage license or certificate

(d) Family Bible or genealogical records

(e) Passport indicating age and relationship of children

(f) Hospital birth record

(g) Affidavit of a third person, if it is based on personal knowledge of facts which would determine the probable age and relationship of the children and is not merely a statement of belief based on the applicant's personal appearance; the affidavit shall contain statements of the circumstances upon which the applicant's knowledge is based.

Or any of the following dated at least six months prior to the date of application which contains evidence of (a) the ages of the needy children and (b) the relationship of the needy children to the grantee-relative.

(h) United States census records

(i) School records

(j) OASDI records

(k) Immigration and naturalization records

(*l*) Poll tax records

(m) Court records (e. g., adoption, divorce or separate support)

(n) Insurance policies

(*o*) Employment records

(p) Newspaper records and local histories

(q) Indian agency records

(r) Other governmental or local records

The plaintiffs did not view these modifications as adequate and at the hearing for preliminary and final injunctive relief pressed their prayer for an injunction. The plaintiffs' continuing objections were (1) under subsection (g) of the revised State Letter, oral testimony at the welfare field office was not acceptable—thus placing the burden and expense of the preparation of an affidavit upon the recipient, and (2) with respect to the type of documentation described in subsections (h) through (r), it must be at least six months old—a requirement which newly arrived eligible applicants such as the plaintiffs might find insurmountable.

1. Plaintiff Roldan was subsequently able to comply with State Letter 314 when documentation was received from Puerto Rico. She is now receiving AFDC benefits. Assistant Attorney General Behar represented to the court that plaintiff Mercer would similarly begin to receive AFDC benefits on the basis of an affidavit by Steve Parker.

■ At the conclusion of the hearing at the court's request, the Assistant Attorney General said that he would endeavor to see what further modification the state officials might be willing to make to meet plaintiffs' objections.[2] By letter from Assistant Attorney General Behar dated January 25, 1974, the defendants proposed a further modification of subsection (g), as follows:

> To permit the transcribing in affidavit form of oral statements made by third person-affiants who appear at welfare service offices. If an affiant will sign and swear to the affidavit (which in some circumstances may require an oral reading by a Department employee or interpreter), the Department will consider such an affidavit with reference to the requirements of subsection (g).

■ In our opinion this latest modification, which permits third persons to appear and have an affidavit prepared by state employees, is an adequate substitute for oral testimony.[3] Also, the acceptability of this type of evidence of eligibility minimizes the significance of the six-month limitation found in subsections (h) through (r). Plaintiffs pointed out that a newly arrived eligible applicant might not know anyone in the area who could provide the third-party information. In such a situation, however, the applicant would be in no worse position than if oral testimony at a formal hearing were permissible. A third-party affidavit would have to be obtained from an out-of-town affiant, or one of the many other modes of proof resorted to.

■ Plaintiffs have argued, and persuaded one member of the court, that the uncorroborated affidavit of the applicant for AFDC should be an acceptable basis for eligibility, if believed. In our view this position conflicts with the undisputed premise that reasonable verification procedures are permitted by both the statute and constitution. The basic question is whether, in this context, the state may reasonably insist upon some form of corroboration. Under the modifications proposed by the defendants, corroboration may be oral as well as written; and it can be supplied by a witness who may appear at the welfare service office and verify the application, without cost to the applicant even for a notary public's fee. If reasonable verification procedures permit the defendants to require corroboration, then the defendants' amended list of acceptable forms is as comprehensive as could be. Plaintiffs' further contention that the defendants' proposed verification requirements would operate to deny relief to eligible children seems to beg the question. Applicants for benefits under the AFDC program whose eligibility cannot be shown by reasonable verification procedures cannot be presumed to be eligible.

■ Finally, the court is without jurisdiction to entertain plaintiffs' claim for retroactive payments. *Edelman v. Jordan,* 1974, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662; *Parent v. Minter,* D.Mass. 1973, 362 F.Supp. 85, citing *Rothstein v. Wyman,* 2 Cir. 1972, 467 F.2d 226, and *Westberry v. Fisher,* D.Me.1970, 309 F.Supp. 12, 18–21.

---

**2.** The defendants at the hearing suggested that since both of the named plaintiffs were then receiving benefits the case was now moot and there was no longer a case or controversy. See *Indiana Employment Division v. Burney,* 1973, 409 U.S. 540, 93 S.Ct. 883, 35 L.Ed.2d 62; *Golden v. Zwickler,* 1969, 394 U.S. 103, 109–110, 89 S.Ct. 956, 960, 22 L.Ed.2d 113, 118. However, this is a class action and it was represented to the court that the problem of verification presented is not rare. This would bring the matter within the capability-of-repetition exception to the mootness doc-

trine. Moreover, the state should not be able to frustrate the rights of an entire class simply by making a settlement with named plaintiffs.

**3.** When the only bar to the granting of relief is proof of a child's age, a refusal under some circumstances probably could be so unreasonable as to be unconstitutional. For instance, children under ten years of age could not reasonably be generally suspected of being over eighteen years of age. But consideration of such a hypothesis is unnecessary to a decision of the instant case.

It is therefore ordered that judgment be entered for the defendants on condition that they put the amended requirements into effect together with the proposed modification of subsection (g) of the amended State Letter 314 contained in the letter from Assistant Attorney General Behar to the court dated January 25, 1974.

FRANK J. MURRAY, District Judge (dissenting).

I do not join the opinion and judgment of the majority of the court because I believe the amended State regulations do not go far enough. I agree that reasonable procedures to verify an applicant's eligibility are permitted by both the Social Security Act and the Constitution. The amended regulations now approved by the majority exclude certain persons, including members of the plaintiffs' class, who are eligible for AFDC benefits under the Social Security Act but are unable to present the necessary corroboration from documentary or third-party sources. I therefore respectfully dissent.

Eligibility for AFDC benefits is a matter of federal law under the Social Security Act. The Act requires that, under the state AFDC plan, AFDC benefits shall be provided with reasonable promptness "to all eligible individuals . . . .". 42 U.S.C. § 602(a)(10). Eligibility is not explicitly defined in the statute, but AFDC is defined essentially as payments in respect to a "dependent child". 42 U.S.C. § 606(b). "Dependent child" in turn is defined in terms of age and relationship. 42 U.S.C. § 606(a). *See also* 45 C.F.R. § 206.10(a)(10); 45 C.F.R. § 233.10(a)(1)(ii) and (vii) (1975). The corroboration requirement of State Letter 314 pertains to age and relationship. But since State Letter 314 excludes some persons eligible under the age and relationship requirements established by the Social Security Act, it must yield to the Act. *See King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); *Townsend v. Swank*, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971); *Carleson v. Remillard*, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972), and *Philbrook v. Glodgett*, 421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975).

This conclusion is buttressed by the fact that the Commonwealth could select the less restrictive procedure of permitting applicants an opportunity to demonstrate eligibility by sworn statement or verified application. This alternative procedure would still permit the Commonwealth to deny the application if the applicant's sworn statement were disbelieved, or to later terminate the benefits if it developed that the applicant could have furnished corroboration and culpably failed to do so. Such a procedure would protect the interests of the Commonwealth without imposing an undue administrative burden. More importantly, such a procedure would insure that persons who are eligible under the Act are not excluded from receiving AFDC benefits.

## JUDGMENT

This action came on for hearing before the court and the issues having been duly heard and the parties' pleadings, stipulations, arguments and briefs having been duly considered, for reasons stated in the court's memorandum of decision filed contemporaneously herewith, it is

Ordered, adjudged and decreed that judgment be entered for the defendants dismissing the action provided that defendants amend and promulgate forthwith the State Department of Public Welfare Letter 314 so as to conform to the draft of said letter dated December 3, 1973 and to the second paragraph of Assistant Attorney General Behar's letter to the court dated January 25, 1974, which are attached hereto and incorporated herein as Exhibits A and B.

**668**

*The Commonwealth of Massachusetts*

*Department of Public Welfare*

*600 Washington Street, Boston 02111*

STEVEN A. MINTER
COMMISSIONER

State Letter
Draft
December 3, 1973

TO:     WELFARE SERVICE OFFICES

FROM:   STEVEN A. MINTER, COMMISSIONER

RE:     VERIFICATION OF AGE AND ELIGIBILITY IN AFDC

Before final eligibility for AFDC may be approved, there must be verification of factors relating to eligibility and amount of the budget. The types of documentation which will be accepted to establish age and relationship of children whose grantee-relative is applying for AFDC shall be as follows:

(1) There must be documentary evidence of (a) the ages of the needy children and (b) the relationship of the needy children to the grantee-relative. It shall be the responsibility of the applicant to secure copies of these documents which will be retained as part of the case record.

Evidence to establish age and relationship shall be at least one of the following:

(a) Birth certificate (for children born in Massachusetts, an uncertified copy may be obtained from the Bureau of Vital Statistics in the Secretary of State's Office at no cost.)

(b) Certificate of baptism

(c) Marriage license or certificate

(d) Family Bible or genealogical records

(e) Passport indicating age and relationship of children

(f) Hospital birth record

(g) Affidavit of a third person, if it is based on personal knowledge of facts which would determine the probable age and relationship of the children and is not merely a statement of belief based on the applicant's personal

appearance;  the affidavit shall contain statements of the circumstances upon which the applicant's knowledge is based.

Or any of the following dated at least six months prior to the date of application which contains evidence of (a)  the ages of the needy children and (b)  the relationship of the needy children to the grantee-relative.

(h) United States Census records

(i) School records

(j) OASDI records

(k) Immigration and naturalization records

(l) Poll Tax Records

(m) Court records (e.g. adoption, divorce or separate support)

(n) Insurance policies

(o) Employment records

(p) Newspaper records and local histories

(q) Indian agency records

(r) Other governmental or local records

OBSOLETE MATERIAL

State Letter 314 "Verifications" item (1)

**670**

## THE COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF THE ATTORNEY GENERAL
STATE HOUSE ● BOSTON 02133

**ROBERT H. QUINN**
**ATTORNEY GENERAL**

January 25, 1974

Robert Smith
Deputy Clerk
United States District Court
Post Office Square
Boston, Massachusetts

        Re: Rolan, et al
        v.   Minter, et al
           Civil Action No. 73-3418-G

Dear Mr. Smith:

At the hearing in the above-named case held on Friday, January 18, 1974, the Court requested me to report whether the Department of Public Welfare would consider amending proposed state letter 314, subsection (g), to permit oral testimony of third persons.

The Department has advised me that it is not prepared to amend subsection (g) in this particular. However, the Department is prepared to amend the subsection to permit the transcribing in affidavit form of oral statements made by third person-affiants who appear at welfare service offices. If an affiant will sign and swear to the affidavit ( which in some circumstances may require an oral reading by a Department employee or interpreter), the Department will consider such an affidavit with reference to the requirements of subsection (g).

I am enclosing copies of this letter for Justices McEntee, Murray and Garrity.

        Very truly yours,

        *Kenneth Behar*

        KENNETH BEHAR
        Assistant Attorney General

KB/meg
Enc.

cc: Charles Capace