**MASSACHUSETTS ASSOCIATION OF OLDER AMERICANS, et al., Plaintiffs,**

v.

**Thomas H. SPIRITO, Commissioner of Public Welfare of the Commonwealth of Massachusetts, Defendant.**

**Civ. A. No. 78–230–MC.**

United States District Court,
D. Massachusetts.

Nov. 20, 1981.

**130**

Jim Hammerschmith, Western Mass. Legal Services, Northampton, Mass., Lucien Wulsin Jr., Los Angeles, Cal., for plaintiffs.

Anne L. Josephson, Asst. Atty. Gen., Boston, Mass., for defendant.

### MEMORANDUM AND ORDER ON CLASS CERTIFICATION

McNAUGHT, District Judge.

This case is before the court on plaintiffs' motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The parties have agreed that the court should decide the matter on the pleadings, memoranda, and other matters submitted to the court without the benefit of oral argument.

This action was commenced in January, 1978. The plaintiffs, certain named Medicaid applicants and recipients and the Massachusetts Association of Older Americans (MAOA), allege individually and on behalf of the class members they purport to represent that the defendant Commissioner of Public Welfare has violated the requirements of Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 *et seq.*, the regulations promulgated thereunder by the Secretary of Health and Human Services, and comparable Massachusetts provisions in administering the Medicaid program. Plaintiffs allege that the Department of Public Welfare has denied their rights under the Equal Protection and Due Process provisions of the Constitution in violation of 42 U.S.C. § 1983. The defendant's practices of which plaintiffs complain include failure to take Medicaid applications without delay; delay in processing applications and providing Medicaid cards to eligible Medicaid applicants; failure to make emergency medical services available to Medicaid recipients; delays in replacing unreceived, lost or stolen Medicaid cards; failure to inform persons of their rights under the Medicaid program; improper termination of Medicaid benefits; and unavailability of reimbursement for out-of-pocket payments for medical services. As a result of such practices, the plaintiffs allege that they have incurred expenses or unpaid bills for medical care which should have been covered under the Medicaid program.

Plaintiffs seek certification of two classes or subclasses under Rule 23(a) and (b)(2). As to each proposed class, plaintiffs bear the burden of demonstrating that all of the prerequisites of subsection (a) of Rule 23 are met and that the action falls within one of the categories set forth in subsection (b).

### I. *Persons Challenging Delay.*

One class of persons for which certification is sought is a class composed of "all needy persons applying for Medicaid-only benefits (those persons who apply separately for Medicaid benefits rather than as part of a single joint application for Medicaid

and either Aid to Families with Dependent Children or Supplemental Security Income) in the Commonwealth of Massachusetts whose eligibility is not determined and whose initial Medicaid cards are not issued by defendant within the time limits required by state and federal law." According to plaintiffs, this class relates to the claim appearing in paragraph B of the First Amended Complaint, (cause of action "B"), wherein it is alleged that the Department of Public Welfare has failed to process applications and issue Medicaid cards to eligible applicants within 80 days after the date of application, in violation of 42 U.S.C. § 1396a(a)(8) and (19) and applicable federal regulations and state law, as well as the Due Process and Equal Protection provisions of the Constitution.

Rule 23(a) provides:

(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

*Numerosity.* Plaintiffs refer to Table I of the Parties' Agreed Statement of Facts submitted in July, 1980 in support of their position that the numerosity requirement is met. After reviewing the statistics compiled for the years 1978, 1979, and mid-1980 which reveal that substantial numbers of persons had Medicaid applications pending for 30 to 60 days and beyond, I conclude that the numerosity requirement is satisfied.[1] As plaintiffs point out, moreover, the class membership is fluid, in that the num-

bers and identity of members shift over time as applications are eventually acted upon and new applications are received. In these circumstances, joinder of the class members is impracticable. *Bacon v. Toia,* 437 F.Supp. 1371, 1383 (S.D.N.Y.1977), *aff'd without opinion* 580 F.2d 1044 (2d Cir. 1978).

*Common Questions of Law or Fact.* Rule 23(a)(2) provides that there must be questions of law or fact common to the class. Both exist in this instance. The common questions of law applicable to the class members are the state and federal requirements for timely processing of Medicaid applications. *See Cornelius v. Minter,* 395 F.Supp. 616, 622–623 (D.Mass.1974). The common questions of fact are the system-wide delays by the Department of Public Welfare in processing applications and issuing Medicaid cards to eligible medically needy applicants. Although there may be differences in the facts relating to the alleged delays for individual applicants, the pattern of conduct of defendant is at issue. The existence of common questions of law alone, moreover, is sufficient to satisfy the requirements of subdivision (a)(2). *Like v. Carter,* 448 F.2d 798, 802 (8th Cir. 1971) *cert. denied,* 405 U.S. 1045, 92 S.Ct. 1309, 31 L.Ed.2d 588 (1972).

*Typicality.* I am also persuaded that requirement (3) of Rule 23(a) is met. The named plaintiffs who raise cause of action "B", including plaintiff-intervenors, include Leocadia Lemanski, Beatrice DeCelle, Carol and Bruce Ambrose, and Mary Suriner. The facts relating to their allegations of delay on the part of the Department of Public Welfare are summarized in the parties' "Agreed Statement of Facts Relative to Cause of Action 'B' ":[2] Ms. Lemanski, a woman in her sixties, incurred a delay of more than six months in the Department's determination of her June 23, 1977 applica-

---

1. More recent statistics have not been submitted by the parties. However, in view of the large number of persons reported monthly to have applications pending for the 2½ year period, I have no reason to reject plaintiffs' current claim of numerosity. For example, for the months January to May, 1980, there were anywhere from 662 to 806 reported applications

pending more than 30 days. The numbers reported for 1978 and 1979 were substantially greater, in some months over 2000.

2. Each of the aforementioned plaintiffs asserts additional claims relating to other aspects of this case. Discussion here is limited to their allegations of delay.

tion for benefits as a "medically needy person". Ms. DeCelle, a woman in her eighties, applied for Medicaid as a "medically needy" individual on November 28, 1977 after her benefits as a "categorically needy" recipient were terminated when the Social Security Administration determined that she was no longer eligible for Supplemental Security Income. Her application was not approved until January 23, 1978, and she received a Medicaid card on February 1, 1978. Intervenors Bruce and Carol Ambrose, a married couple with four children, also incurred delays greater than 30 days from the date of application for Medicaid to the date of action by the Department of Public Welfare and the date on which their Medicaid cards were issued. An application was filed on Carol Ambrose's behalf on September 29, 1977 and no action was taken on it by the Department until December 6, 1977. Bruce Ambrose applied for Medicaid on behalf of his three children on December 12, 1977, and their cards were not received until February 15, 1978. Finally, Ms. Suriner, now in her eighties, applied for Medicaid benefits on February 2, 1980. Her application was approved on April 9, 1980 and her Medicaid card was issued on April 30, 1980. All of the above plaintiffs incurred out-of-pocket medical expenses during the time interval between their applications for benefits and the Department's decision on their applications and/or issuance of their Medicaid cards. The claims asserted by the named plaintiffs concern the Department of Public Welfare's alleged delays in deciding applications in a timely manner and are typical of the claims for which class certification is sought. I do not perceive any conflict between the named plaintiffs' claims under cause of action "B" and any other claims they assert under other paragraphs in the First Amended Complaint which would render them inappropriate class representatives. Their interest in having the Department act on applications and issue Medicaid cards as provided under applicable federal and state law is coextensive with that of potential class members. *Kaminski v. Shawmut Credit Union*, 416 F.Supp. 1119, 1123 (D.Mass.1976).

*Adequacy of Representation.* With respect to the fourth requirement set forth in Rule 23(a), the defendant objects that the claims of the named plaintiffs and plaintiff-intervenors are moot. The plaintiffs concede that their applications were decided at some time by the Department of Public Welfare and that the Department eventually issued Medicaid cards to them. The mooting of named plaintiffs' claims by a defendant ordinarily raises an issue as to their continued interest and commitment in pursuing the same claims on behalf of the class they seek to represent and presents an issue of lack of standing or absence of a justiciable controversy. *See generally* 3B J. Moore, Federal Practice and Procedure ¶ 23.04[2] (1981). The court concludes, however, that this is an appropriate instance in which to apply the "capable of repetition yet evading review" exception to the mootness doctrine. The claims of delay asserted by plaintiffs exemplify the type of claim which evades review where the defendant's pattern of activity continues but the controversy is resolved with respect to the named plaintiffs. Cf. *Blankenship v. Secretary of Health, Education and Welfare*, 587 F.2d 329, 333 (6th Cir. 1978) (challenge to delays by Social Security Administration in scheduling hearings to applicants); *Roldan v. Minter*, 409 F.Supp. 663, 666 n.2 (D.Mass.), *appeal dismissed*, 429 U.S. 967, 97 S.Ct. 398, 50 L.Ed.2d 335 (1976) (challenging welfare verification guidelines for AFDC benefits); *Andujar v. Weinberger*, 69 F.R.D. 690, 693 (S.D.N.Y.1976) (challenge to delays in providing Social Security benefits). As discussed *ante*, I am satisfied that there are sufficient numbers of persons for whom the controversy remains alive that the Department's action on the named plaintiffs' claims does not preclude class certification.

Additionally, the named plaintiffs and the proposed class are represented by Western Massachusetts Legal Services, Greater Boston Elderly Legal Services, Cambridge & Somerville Legal Services, and the National Health Law Program, Inc. Up to this point plaintiffs' counsel have expended substantial efforts in pursuing this action.

In view of counsel's known interest in and commitment to assisting low-income persons, I am content that the interests of the class will be adequately protected and advanced in this proceeding.

*Defendant's Actions Applicable to Class As a Whole.* Rule 23(b)(2), under which plaintiffs seek class certification for cause of action "B", provides:

(b) *Class Action Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

    \*     \*     \*     \*     \*     \*

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; ....

■ Plaintiffs seek declaratory and injunctive relief to remedy defendant's failure to process applications and issue Medicaid cards to all class members within the time limits established by law. Both the relief sought and the grounds alleged are generally applicable to the proposed class members. The proposed class for cause of action "B" is thus certifiable under Rule 23(b)(2).

## II. *Persons Challenging Automatic Termination of Benefits.*

The plaintiffs and plaintiff-intervenors MAOA, Beatrice DeCelle, Sally Cote, Mabel Cadman, Lillian Corliss, and Carol Howes seek certification with respect to the claims denominated causes of action "F", "G", and "H" of the First Amended Complaint. In cause of action "F" it is alleged that defendant's policy of automatically terminating Medicaid benefits to recipients who are terminated from the AFDC or Supplemental Security Income (SSI) programs, or whose six-month eligibility period has ended, without evaluating a recipient's eligibility for Medicaid, violates 42 U.S.C. § 1396a(a)(8) and (19) and applicable federal regulations, as well as the Due Process clause of the Fourteenth Amendment. In cause of action "G" plaintiffs allege that

prior to defendant's automatic termination of benefits as described in cause of action "F", defendant has failed to give proper notice of the termination, to explain properly the recipient's right of appeal or right to have benefits continue pending an appeal, all in violation of federal regulations and the Due Process clause. In cause of action "H" they assert that defendant's failure to continue Medicaid benefits to recipients who have timely appealed the proposed automatic termination as described in cause of action "F", pending a fair hearing decision, violates federal regulations, Massachusetts law, and the Due Process clause.

The proposed class consists of "all Medicaid recipients in the Commonwealth of Massachusetts who have had or will have their Medicaid benefits terminated as a result of their termination from either SSI or AFDC". Again, plaintiffs propose that such a class should be certified in relation to causes of action "F", "G", and "H" under Rule 23(a) and (b)(2).

*Numerosity.* Plaintiffs have not presented to the court the exact number of persons who have had Medicaid benefits terminated once they are terminated from the AFDC or SSI programs under current Department of Public Welfare policy; however, based on my understanding of the data supplied by plaintiffs taken from defendant's records for the first half of 1980, as discussed in Plaintiffs' Reply Brief on the Issue of Automatic Termination of Medicaid Benefits filed August 26, 1980, I find that there are sufficient numbers of persons who constitute the class for which certification is sought to meet the numerosity requirement. Although plaintiffs concede that it is not possible to determine which persons whose AFDC or SSI benefits were terminated due to excess income were still at an income level which qualified them for Medicaid, it is fair to assume that the numbers for the first half of 1980 were in the hundreds. Defendant has not objected to certification of the class on the grounds that there are not sufficient numbers or that the data supplied to the court is not indicative of the size of the purported class. As discussed in

relation to the first-mentioned class relating to defendant's delay, numerosity and the fluidity of the class membership renders joinder impracticable.

*Common Questions of Law or Fact.* This requirement is also satisfied. The common questions of law applicable to all class members are the procedures which must be followed and the nature of any notice and hearing they must be afforded prior to termination of their Medicaid benefits. Common questions of fact also exist regarding the present practices of defendant in terminating benefits for persons whose AFDC or SSI benefits have ceased.

*Typicality.* Upon reviewing the allegations relating to causes of action "F", "G", and "H", and the affidavits of the respective class representatives, I conclude that the representative parties' claims are representative of those of the class they seek to represent. Plaintiff Beatrice DeCelle (also a class representative for cause of action "B") had received SSI and Medicaid benefits prior to August, 1977 on the basis of her age. When her SSI benefits were terminated by the Social Security Administration (SSA) in August, she was notified by the Department of Public Welfare that her Medicaid benefits were also terminated.[3] Ms. Cote, in her late seventies, had received Medicaid benefits as of November, 1977 by virtue of her receipt of SSI. When her SSI benefits were terminated by the SSA in October, 1977 due to an increase in income, her Medicaid benefits were also terminated despite her alleged continued eligibility for Medicaid. Ms. Cadman's Medicaid benefits were similarly terminated as of December 1, 1977 because of her SSI termination. Although the SSA reversed its decision to terminate her SSI benefits on November 18,

1977, she did not receive Medicaid benefits for December, 1977. The plaintiff-intervenor Lillian Corliss, now in her eighties, had received SSI and Medicaid benefits as of November 15, 1978. When her SSI benefits were terminated due to excess income, the Department of Public Welfare terminated her Medicaid benefits despite her continued eligibility for Medicaid. The Medicaid benefits of the plaintiff-intervenor Carol Howes and her two children were terminated when their AFDC benefits were terminated, despite their alleged continued eligibility for Medicaid.

The majority of the above-mentioned named plaintiffs were terminated from the Medicaid program because their SSI benefits, rather than their AFDC benefits, ceased. Nevertheless, the interests of the named plaintiffs (in challenging defendant's policy of automatic termination of Medicaid once the recipients' other benefits are cut off) are coextensive and coincide with the interests of the class.

*Adequacy of Representation.* Defendant objects that some of the plaintiffs and the MAOA do not have standing to assert the claim relating to termination of AFDC, in that all but Carol Howes received only SSI and not AFDC. As previously stated, however, their interests are sufficiently identical in having the court determine the legality of defendant's automatic termination policy, whatever the federal program under which they formerly received benefits, so that defendant's objection must be overruled.

Defendant also objects to the standing of the organizational plaintiff, MAOA. The MAOA has approximately 18,000 members, each of whom resides in Massachusetts and

---

**3.** Ms. DeCelle apparently received a notice describing her right to a pretermination hearing, which notice was not received by the other plaintiffs because the Department of Public Welfare changed its notification form thereafter when it no longer allowed pretermination hearings. Ms. DeCelle's benefits were, like the other plaintiffs' Medicaid benefits, terminated automatically once her SSI benefits stopped. Although the court may be called upon to ad-

dress the adequacy of the notification forms sent to the other plaintiffs under current policy and such a ruling would not affect Ms. DeCelle, the court's decision on the broader issue of automatic termination is equally applicable to Ms. DeCelle as to the other named plaintiffs and class members. Any difference in the notice she received does not disqualify her from being a class representative.

is over sixty years of age.[4] A large number of its members are eligible for Medicaid benefits by virtue of their receipt of SSI or as medically needy persons (persons whose eligibility is not limited to their receipt of other benefits). I accept Mr. Cross' representation that numerous MAOA members have had their Medicaid benefits terminated due to the termination of their SSI benefits, even when they have continued to be eligible for Medicaid.

▮ Applying the principle that an organization may establish standing by suing as a representative if its members have been injured in fact and could have brought suit in their own right, *Aiken v. Obledo*, 442 F.Supp. 628, 646 (E.D.Cal.1977), I conclude that the MAOA has standing to represent the proposed class. It is apparent that at least a portion of its membership has in fact been injured and is subject to defendant's allegedly unlawful practice of automatic termination of Medicaid benefits. The MAOA is, therefore, entitled to seek judicial review of a practice directly affecting its members. *Sierra Club v. Morton*, 405 U.S. 727, 739, 92 S.Ct. 1361, 1368, 31 L.Ed.2d 636 (1972); *Relf v. Weinberger*, 372 F.Supp. 1196 (D.D.C.1974), *vacated on other grounds*, 565 F.2d 722 (D.C.Cir.1977).

Defendant has also raised plaintiffs' failure to exhaust administrative remedies as a basis upon which to deny class certification. He appears to argue that their claims are not sufficiently ripe for review and that as a result, plaintiffs are not adequate class representatives entitled to assert the class allegations. Defendant has not made clear precisely what administrative remedies should have been, but were not exhausted by plaintiffs. Since plaintiffs are challenging the absence of procedural safeguards in connection with the termination of their Medicaid benefits, I do not find defendant's objection compelling. Furthermore, in actions brought under 42 U.S.C. § 1983, exhaustion has not been required. *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 481, 5 L.Ed.2d 492 (1961). To the extent that

there must be some definitive agency action before a § 1983 action may proceed, defendant's policy of and procedure for automatically terminating Medicaid benefits satisfies this criteria. *See Palmigiano v. Mullen*, 491 F.2d 978, 980 n.4 (1st Cir. 1974).

Consistent with my finding on the issue of counsel's ability to fairly and adequately represent the class members in cause of action "B", I conclude that counsel are also adequate legal representatives of the class relating to causes of action "F", "G", and "H".

*Defendant's Actions Applicable to Class As a Whole.* Plaintiffs seek declaratory and injunctive relief against defendant's policy of automatic termination of benefits which affects the proposed class as a whole. This aspect of the case is clearly appropriate for class certification under Rule 23(b)(2).

For the foregoing reasons, the court hereby certifies a class for cause of action "B" composed of "all needy persons applying for Medicaid-only benefits (those persons who apply separately for Medicaid benefits rather than as part of a single joint application for Medicaid and either Aid to Families with Dependent Children or Supplemental Security Income) in the Commonwealth of Massachusetts whose eligibility is not determined and whose initial Medicaid cards are not issued by defendant within the time limits required by state and federal law."

▮ The court also certifies a class for causes of action "F", "G", and "H" composed of "all Medicaid recipients in the Commonwealth of Massachusetts who have had or will have their Medicaid benefits terminated as a result of their termination from either SSI or AFDC".

---

4. See affidavits of Walter Cross, MAOA's vice-president, and of MAOA staff members.