Mary PRINCIOTTA, et al., Plaintiffs,

v.

NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY, INC., et al., Defendants.

Civ. A. No. 74–789–Mc.

United States District Court, D. Massachusetts.

March 1, 1982.

Jeffrey Kobrick, Greater Boston Legal Services, Boston, Mass., for plaintiffs.

Edward Lev, Sullivan & Worcester, Boston, Mass., for defendant New England Tel. & Tel. Co., Inc.

Stephen Ostrach, Asst. Atty. Gen., Boston, Mass., for defendant Comm. of Mass.

MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This matter came on to be heard on three motions of the defendants: 1) motions to dismiss for mootness; 2) a motion to reconsider the magistrate's order allowing the

amendment of the complaint, and 3) a motion to disqualify plaintiffs' counsel Jeffrey Kobrick from participation in these proceedings. At the hearing, I denied the motion seeking to disqualify Mr. Kobrick.

This action is a purported class action in which the plaintiffs, customers of the New England Telephone and Telegraph Company (NET), have attacked the practices of the NET with respect to access to, continuation of, and termination of their phone service. They have asserted that the practices of NET did not provide adequate notice or opportunity for them to be heard regarding deposits, billing and termination of service and that the standards applied by NET were not fair and uniform. The Department of Public Utilities (DPU) also was sued for approving and sanctioning the allegedly unfair practices of the NET.

In December of 1977, after finding that the procedures of NET were unjust, unreasonable, and inadequate, the DPU issued regulations concerning the deposit, billing, and service termination practices of NET. Those regulations became effective March 20, 1978.

The named plaintiffs' telephone service was restored in 1974 either by court order or by stipulation of the parties.

*Motions to Dismiss*

Defendants contend that in light of the DPU order regarding the termination and billing practices of NET, the issues raised by the plaintiffs' amended complaint are no longer justiciable. The plaintiffs assert that certain issues remain unresolved despite the DPU order. Specifically, the plaintiffs assert that four "live" areas of controversy remain for resolution by this court:

1) the continuing threat of harm to the plaintiffs and the purported class;

2) claims for damages on behalf of the plaintiffs;

3) the continuing controversy concerning the adequacy of the hearing provisions in the DPU order; and

4) claims for attorneys' fees under 42 U.S.C. § 1988.

In determining the issue of mootness, this court will look only to the claims of the named plaintiffs, since no class has yet been certified. *See Pasadena City Board of Education v. Spangler*, 427 U.S. 424, 430, 96 S.Ct. 2697, 2702, 49 L.Ed.2d 599 (1976). The determination of that issue depends on whether

(1) it can be said with assurance that "there is no reasonable expectation . . ." that the alleged violation will recur, see *id.*, [*United States v. W. T. Grant Co.*, 345 U.S. 629 (1953)] at 633, 73 S.Ct. 894 at 897, 97 L.Ed. 1303; see also *SEC v. Medical Committee for Human Rights*, 404 U.S. 403, 92 S.Ct. 577, 30 L.Ed.2d 560 (1972), and

(2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. See, *e.g., DeFunis v. Odegaard*, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); *Indiana Employment Security Div. v. Burney*, 409 U.S. 540, 93 S.Ct. 883, 35 L.Ed.2d 62 (1973).

When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law. *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1978).

The regulations promulgated by the DPU do provide the relief sought by the plaintiffs. Notice and opportunity to be heard regarding billing and termination of service are now provided to NET customers and deposits are forbidden as a condition of new telephone service except in certain situations. Although NET has proposed changes in these regulations, those proposals do not alter substantially the provisions regarding notice and hearing. The fact that NET has suggested changes and that those changes may be adopted by the DPU after public hearing and comment does not constitute a "cognizable danger of recurrent violation". *United States v. W. T. Grant Co.*, 345 U.S. 629, 632–633, 73 S.Ct.

894, 897, 97 L.Ed. 1303 (1953). The likelihood of recurrence is at this point in time merely a possibility. As such, it is insufficient to keep alive the plaintiffs' claims for equitable and declaratory relief. *See id.*

■ The defendants have not established, however, that the effects of the alleged violations have been completely eradicated by interim relief or events. The damage claims of the named plaintiffs are still viable and prevent this case from being moot. What was stated by the Supreme Court in *Memphis Light, Gas and Water Division v. Craft,* 436 U.S. 1, 8–9, 98 S.Ct. 1554, 1559–1560, 56 L.Ed.2d 30 (1978), applies with equal force here,

> Respondents' claim for actual and punitive damages arising from MLG & W's terminations of service saves this cause from the bar of mootness. *Cf. Powell v. McCormack,* 395 U.S. 486, 496–500, 89 S.Ct. 1944, 1950–1952, 23 L.Ed.2d 491 (1969). Although we express no opinion as to the validity of respondents' claim for damages, that claim is not so insubstantial or so clearly foreclosed by prior decisions that this case may not proceed.

■ The plaintiffs' third claim, that due process requires that the hearings mandated by the DPU be held throughout Massachusetts, is not ripe for consideration by this court. The DPU order is silent concerning the location of such hearings. It is entirely possible that the DPU, if faced with requests for hearings from customers outside of the Boston area, may order those hearings to be held in locations close to those customers' homes.

The hearing issue does not present a case or controversy justiciable by this court under Article III of the Constitution. The plaintiffs present a threat that is merely hypothetical; such threats are insufficient to give this court the power to consider and adjudicate this claim of the plaintiffs. *See United Public Workers v. Mitchell,* 330 U.S. 75, 89–90, 67 S.Ct. 556, 564–565, 91 L.Ed. 754 (1946); *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974).

■ Finally, if the plaintiffs can establish that they are "prevailing parties", as that term has been interpreted by the Congress of the United States and the courts, then they are entitled to receive their attorneys' fees.

For the foregoing reasons, the defendants' motions to dismiss this cause of action for mootness are denied in part and allowed in part, consistent with the reasons stated herein.

### Motion for Reconsideration

In June of 1981, Magistrate Alexander allowed a motion by the plaintiffs seeking to amend the complaint filed in June of 1974. That motion had been filed in September of 1980. The amendment added a claim for compensatory and punitive damages on behalf of those plaintiffs who had not made such claims previously. The defendants have moved for reconsideration of the order allowing amendment.

■ The rulings made by a United States magistrate on nondispositive pretrial matters are subject to reconsideration by this court and may be set aside only if found to be clearly erroneous in fact or contrary to law. 28 U.S.C. § 636(b)(1)(A); Rule 2, Rules for United States Magistrates in the United States District Court for the District of Massachusetts.

■ NET argues that the amendment of the complaint should not have been allowed since it was made after undue delay by the plaintiffs and would unduly prejudice the defendants since it would make additional discovery necessary. Undue delay or prejudice to a party may be grounds for denial of leave to amend a complaint. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Hayes v. New England Millwork Distributors, Inc.,* 602 F.2d 15, 19–20 (1st Cir. 1979). Although reasonable minds may differ as to when undue delay has occurred or when a party has been unduly prejudiced by the late filing of a motion to amend, I do not find that the decision of the magistrate was clearly erroneous or contrary to law. For that reason,

NET's motion for reconsideration of the magistrate's order allowing amendment of the complaint must be denied.