779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MATTIE MALONE, EDWINA JONES, Plaintiffs-Appellants
v.
CITY OF EAST CLEVELAND, EAST CLEVELAND DEPARTMENT OF POLICE,
Defendants-Appellees.
 83-3739
 United States Court of Appeals, Sixth Circuit.
 10/28/85
 
 AFFIRMED
 N.D.Ohio
 On Appeal From the United States District Court for the Northern District of Ohio
 BEFORE: KEITH and KENNEDY, Circuit Judges, and WISEMAN*.
 PER CURIAM:
 
 
 1
 Plaintiffs, Mattie Malone and Edwina Jones, appeal from a district court order granting summary judgment to the defendant, the City of East Cleveland and the East Cleveland Department of Police. Plaintiffs filed this class action suit alleging that a city ordinance that required all applicants for the position of police officer to be at least 5'8" tall disparately impacted on women and constituted sex discrimination under Title VII, 42 U.S.C. Sec. 2000e. The district court ruled the plaintiffs' claim was moot and granted summary judgment for the defendants. The issue on appeal is whether this case was rendered moot by the amendment to the ordinance which allows applicants under 5'8" to be considered for employment in the police and fire departments if they satisfy other physical capacity requirements. We affirm the district court judgment for the reasons set forth below.
 
 
 2
 The pertinent facts are as follows: On October 8, 1975, Mattie Malone and Edwina Jones, attempted to apply to take an examination for police officer positions with appellees, City of East Cleveland and its Police Department. Each was denied the opportunity to apply because her height was below the minimum requirement of 5'8", specified for police officers in East Cleveland Codified Ordinance Sec. 123.07(d). On October 10, 1975, the plaintiffs filed charges against the City with the Equal Employment Opportunity Commission, alleging that the minimum height requirement unlawfully discriminated against them on the basis of their sex. On that same day, plaintiffs filed a class action complaint with the United States District Court for the Northern District of Ohio, Eastern Division, alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e, et. seq., Article VI (the Supremacy Clause) of the U.S. Constitution and Amendment XIV of the U.S. Constitution. Mattie Malone, et al v. City of East Cleveland, et al., Civil Action No. C-75-894.
 
 
 3
 On October 10, 1975, Judge Lambros granted a temporary restraining order permitting plaintiffs and other applicants shorter than 5'8" to take the October 11, 1975, entrance exam. Each named plaintiff was later informed that she had failed to pass the examination and would not be considered for appointment. No women were on the eligibility list established pursuant to the October 11, 1975, examination.
 
 
 4
 On October 6, 1978, the court certified a class consisting of all women who had been denied the opportunity to apply for the October 11, 1975 test or who were or will be denied the oportunity to be considered for appointment as an East Cleveland police officer because of their height.
 
 
 5
 On November 20, 1979, East Cleveland amended it ordinance to provide for discretionary waiver of the height requirement in individual cases, upon the recommendation of an occupational health specialist, after examination and determination that the appellant had adequate physical capacity for the job. Such a waiver could be granted to applicants meeting all other qualifications for eligibility. East Cleveland, Ohio, Codified Ordinance Sec. 123.07(d) (amended 1979).
 
 
 6
 The appropriate standard for resolving the mootness issue is set forth in County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979):
 
 
 7
 [J]urisdiction, properly acquired, may abate if the case becomes moot because;
 
 
 8
 (1) it can be said with assurance that 'there is no reasonable expectation' that the alleged violation will recur, see SEC v. Medical Committee For Human Rights, 404 U.S. 403 (1972) and;
 
 
 9
 (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. See, e.g., Defunis v. Odegaard, 416 U.S. 312 (1974). Indiana Employment Security Div. v. Burney, 409 U.S. 540 (1973).
 
 
 10
 The district court relied on unrefuted affidavits[1] claiming that height was no longer a bar for applicants and concluded that 'in light of the present ordinance, individuals will no longer be prohibited from applying for the position of police officer on the basis of height.' Although applicants under 5'8" must undergo additional physical tests,[2] we conclude that pursuant to the amended ordinance, no applicant is automatically barred from submitting an application solely on the basis of height and that plaintiffs claim is therefore moot.
 
 
 11
 Appellants argue that central to this case is the City's 'good faith' motive in abiding by the 1979 amendment waiving the height requirement. Appellants maintain that the City's 'good faith' creates an issue of material fact making summary judgment inappropriate. We do not agree. This Court has recently held that the issue of 'good faith' or 'motive' is immaterial to the question of whether there exists a genuine issue of fact involving the merits of the case. International Union v. Dana Corporation, 697 F.2d 718, 721 (6th Cir. 1983). In our view, the district court was not 'clearly erroneous' in its finding of good faith. Fed. R. Civ. P. 52(a). The court's finding was buttressed by a 1981 public notice posted by appellees entitled 'IMPORTANT NOTICE TO ALL INDIVIDUALS SHORTER THAN 5'8" which made it clear that height was no longer a bar to applicants. As appellants failed to produce credible evidence that the height requirement continued to bar applicants to the department, we are unable to conclude the district court erred in finding the plaintiffs' claim moot.
 
 
 12
 Plaintiffs also contend that they should be awarded attorney's fees even if the case is moot. They cite cases that hold that where a plaintiff has been the catalyst to defendant's cessation of its objectionable practice and to its compliance with Title VII, plaintiff is entitled to fees, even though the court need not grant any substantive relief.
 
 
 13
 Plaintiffs' attorney's fees argument raises an initial factual question: were plaintiffs a catalyst to some desirable change in the defendants' practices? Accordingly, it is an issue that should be presented to the district court. The general rule is that a motion or application for attorney's fees must be filed with the trial court after entry of judgment. The record is devoid of any evidence that plaintiffs made such a motion or application. Thus, this Court cannot consider plaintiffs' claim for fees.
 
 
 14
 For the aforementioned reasons, we affirm the judgment of the Honorable David D. Dowd, Jr. finding plaintiff's claim moot and denying plaintiffs' request for attorney's fees.
 
 
 
 *
 Honorable Thomas A. Wiseman, Jr., United States District Court for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 An affidavit by a Mr. Turner, a city official, stated that no one, subsequent to the amendment, was denied an opportunity to apply for a job due to lack of height
 
 
 [2]
 The validity of the aditional tests is being challenged in a related action